■ In the Matter of ERICK C. and Others, Children Alleged to be Neglected. COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Appellant; LEONOR C. et al., Respondents. JANE M. SPINAK, as Law Guardian, Appellant. [632 NYS2d 126] —Order, Family Court, Bronx County (Gloria Sosa-Lintner, J.), entered on or about January 11, 1995, which returned three children (Erick C., Melissa C. and John C., Jr.) to their respective parents pending completion of a fact-finding hearing, and order, same court and Judge, entered on or about May 18, 1995, which returned Melissa C. and John C., Jr. to their parents pending completion of the fact-finding hearing, unanimously reversed, on the law, without costs, those branches of the parents' motions for release of the children are denied, and the matter is remitted to the Family Court, Bronx County, for further proceedings consistent herewith. This is a joint abuse and neglect proceeding brought against three respondents, John C., his wife, Rosa C., and his sister, Leonor C., who formerly resided together with Leonor C.'s son, Erick C., and the couple's children, Melissa C. and John C., Jr. The Commissioner instituted these proceedings after Erick C. was admitted to Roosevelt Hospital with numerous unexplained injuries. Both other children were temporarily removed from the home, and the respondents moved for their return pursuant to Family Court Act § 1028. The Family Court granted the respondents' initial application, which order was stayed by this Court pending appeal. Later, on May 11, 1995, the Family Court paroled John C., Jr. and Melissa C. to the care of their parents. This order was also stayed pending appeal. We reverse.

The hearing transcript reveals that five month old Erick C. was admitted to the hospital on December 21, 1994 with bruising on both ankles, swelling on the upper part of his left foot, a recent fracture of the left toe, symmetrical bruising on both cheeks, wrist and ankle pain and swelling, and a bruise on his penis. Leonor C. testified that the child had been injured at birth, that a splint had been placed upon his arm, that he was also injured while playing, and that his cousin Melissa C. had dropped him a few weeks earlier. Rosa C. also testified that Melissa C. had dropped her cousin, but she provided no

explanation for the child's other injuries, except to note that while changing Erick's diaper a few days earlier, she noticed two boils or pimples on the sides of his penis. John C. did not testify at the hearing, but he told a Child Welfare Administration (CWA) caseworker that he knew Melissa C. had dropped her cousin, but that he had no idea how the child sustained the other injuries. All three respondents denied striking the child.

Both physicians who examined Erick C. in the hospital and a CWA caseworker who investigated the incident agreed that the child's injuries were incompatible with the normal play activities of a five month old infant, and with the explanations provided by the respondents. Given these inconsistencies, we find the respondents' account to be incredible. In light of the serious and traumatic nature of the injuries suffered by the infant, we find that it was an improvident exercise of the trial court's discretion to return this child to the respondents pending completion of the fact-finding hearing, thereby placing him at imminent risk to his life and health (Family Ct Act § 1028; *Matter of Caroline C.*, 206 AD2d 529). In addition, although the current record provides no direct evidence that either John C., Jr. or Melissa C. had actually been abused, it was nonetheless improper for the trial court to have also returned these children to the respondents' care. The Family Court Act does not require actual injury as a condition precedent to a finding of imminent risk (Family Ct Act § 1028). The safer course is to keep all three children in the care of the Commissioner of Social Services pending the completion of the fact-finding hearing. Concur—Murphy, P. J., Rosenberger, Williams and Mazzarelli, JJ.