█ In the Matter of Brunello G., a Child Alleged to be Abused and/or Neglected. Commissioner of Social Services of the City of New York, Appellant; Lucia C. et al., Respondents. [660 NYS2d 990] —In a child protective proceeding pursuant to Family Court Act § 1028, the petitioner appeals, as limited by its brief, from so much of an order of the Family Court, Queens County (De Phillips, J.), dated February 21, 1997, as, after a hearing, directed that the subject child be returned to the respondent parents pending a final determination of the proceeding.

Ordered that the order is modified by adding a provision thereto prohibiting the respondent mother from bathing, dressing, or undressing the child; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the stay of enforcement of the order is vacated forthwith.

Upon our review of the hearing record, we concur in the Family Court's determination that the nearly ten-year-old subject child should be returned to the respondent parents. The petitioner failed to demonstrate that returning the child to his parents would present an imminent risk to the child's health (*see,* Family Ct Act § 1028 [a]; *Matter of Hiram V.,* 162 AD2d 453, 454) and the court's determination was not an improvident exercise of its discretion (*cf., Matter of Erick C.,* 220 AD2d 282, 283). However, in its oral decision following the hearing the Family Court determined that the child should not be bathed by the mother. This directive was omitted, however, from the court's written order, and we therefore modify the order so that it expressly contains such a provision. In order to render the court's precautionary measure complete, we have expanded it to include a prohibition against the mother's dressing or undressing the child. Thompson, J. P., Joy, Friedmann and Krausman, JJ., concur.