█ In the Matter of R./B. CHILDREN, Alleged to be Abused and/or Neglected. TERRENCE B., Appellant; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Respondent. [681 NYS2d 265] —Order of disposition, Family Court, New York County (Ruth Zuckerman, J.), entered on or about December 10, 1996, which, *inter alia*, placed the subject children under petitioner's supervision for 12 months and directed that an order of protection be issued against respondent for the benefit of the female child, upon a fact-finding determination that respondent had sexually abused the female child and derivatively neglected the male children, unanimously affirmed, without costs.

The female child's out-of-court statements to the police detective that respondent had sexually abused her were corroborated by respondent's signed, sworn statement that he had committed the acts of abuse the child had described to the detective. The credibility of this admission, and its corroborative effect, is not undermined by respondent's recantation (*see, Matter of Margaret W.*, 83 AD2d 557, *lv denied* 54 NY2d 609, cited with approval in *Matter of Nicole V.*, 71 NY2d 112, 119), in view of Family Court's finding, based largely on witness credibility and to which we defer, that the statement was not illegally obtained by the detective through trickery. Nor is the credibility of the child's out-of-court statements undermined by her recantation, in view of the evidence that such was based solely upon her reluctance to upset her mother and to put respondent in jail (*see, Matter of N & G Children*, 176 AD2d 504, 505). We have considered respondent's claim of ineffective assistance of counsel and find it to be without merit (*see, Matter of Erin G.*, 139 AD2d 737, 739). Concur—Lerner, P. J., Ellerin, Andrias and Saxe, JJ.