■ In the Matter of HARRHAE Y. and Another, Children Alleged to be Neglected. SHY-MACCA ERNESTINE B., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [977 NYS2d 22]—

Order of disposition, Family Court, Bronx County (Lillian Wan, J.), entered on or about January 3, 2013, which, upon a fact-finding of neglect, released the subject children to respondent mother with agency supervision until the next permanency hearing, unanimously affirmed, without costs, insofar as it brings up for review the fact-finding determination, and appeal therefrom otherwise dismissed, without costs, as moot, the terms of the order as to placement having expired. Appeal from fact-finding order, same court (Fernando H. Silva, J.), entered on or about September 10, 2012, unanimously dismissed, without costs, as superseded by the appeal from the order of disposition.

The finding of neglect is supported by a preponderance of the evidence, which shows that respondent inflicted excessive corporal punishment on the children by striking her older son in the mouth with her fist, causing a one-half-inch cut to his lip and swelling to his face, and striking her younger son on the left side of his forehead with a wooden candlestick holder, causing a gash-like injury approximately one inch in length (*see* Family Ct Act §§ 1012 [f] [i] [B]; 1046 [b] [i]).

The children's out-of-court statements that respondent caused their injuries were sufficiently corroborated by the teacher's and caseworker's testimony as to their own observations of the children's injuries and by the photographs depicting the injuries, which were visible on the children two days after they were inflicted (*see Matter of Naomi J. [Damon R.]*, 84 AD3d 594 [1st Dept 2011]).

Given the numerous conflicting explanations as to how the children's injuries occurred, the court's determination turned primarily on its credibility assessments and is entitled to great deference (*see Matter of Irene O.*, 38 NY2d 776 [1975]). The fact that the children recanted their initial out-of-court statements does not undermine their credibility; the record demonstrates that the children recanted their statements because they wanted to prevent their mother from having a second finding of neglect entered against her (*see Matter of R./B. Children*, 256 AD2d 96 [1st Dept 1998]).

Contrary to the contention of the attorney for the children, the court did not improperly rely on the prior neglect finding entered against respondent, since it determined that respondent did not neglect the children medically in this case and had not allowed their father to have access to them in violation of the prior Family Court Act article 10 order of disposition. Moreover, we find that the two incidents at issue are not separate and isolated occurrences, but, rather, demonstrate a developing pattern in which respondent becomes angry and lashes out at the children, causing physical injuries.

The record does not support the attorney for the children's contention that the teacher and the caseworker grilled the children until they said that respondent had hurt them. The teacher testified that when she saw the older child's "fat lip," she was concerned that he was being bullied by other students and questioned him about his injury. Moreover, it cannot be inferred from the caseworker's testimony that the younger child was "grilled" about his injury. Concur—Friedman, J.P., Acosta, Renwick, Manzanet-Daniels and Gische, JJ.