■ In the Matter of JACKIE B., an Infant. PAMELA G., Appellant; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Respondent. [2 NYS3d 339]—

Order, Family Court, New York County (Clark V. Richardson, J.), entered on or about March 6, 2014, which denied respondent mother's application pursuant to Family Court Act § 1028, challenging the remand of the subject child, unanimously affirmed, without costs.

Actual injury is not a condition of a finding of imminent risk (*see Matter of Erick C.*, 220 AD2d 282, 283 [1st Dept 1995]), and proof of the neglect or abuse of one child is admissible evidence on the issue of the abuse or neglect of another child (*see Matter of Kimberly H.*, 242 AD2d 35, 38 [1st Dept 1998]).

The court properly found that the child was at risk of imminent harm based on the caseworker's testimony that the mother locked the child's older sister out of the home on cold and snowy days, with only a light jacket, that she withheld food as a form of punishment, and based a prior neglect finding against the mother on the same conduct directed at the child's older brother. Additionally, the caseworker noted that the mother refused to consent to mental health and occupational therapy to improve the child's functioning and behavior, without explanation, despite the efforts of numerous school personnel. Although the mother denied these claims, deference is properly accorded to the court's credibility determination (*see Matter of R./B. Children*, 256 AD2d 96 [1st Dept 1998]). Concur—Tom, J.P., Friedman, Renwick, Manzanet-Daniels and Feinman, JJ.