(April 17, 1985)

In the Matter of JENNIFER G. and Another. COMMISSIONER OF SOCIAL SERVICES, Appellant; JOSEPHINE B., Respondent.

By order dated November 5, 1984, we reversed an order entered by the Family Court, Kings County, which, *inter alia,*

directed the petitioner to return the children to their mother (*Matter of Jennifer G.,* 105 AD2d 701). Since the evidence at that hearing "demonstrated that the return of the children to their mother presents an imminent risk to the children's health", we directed that an immediate fact-finding hearing be held pursuant to Family Court Act § 1044 (*Matter of Jennifer G., supra,* p 702).

The mother's admission, at the fact-finding hearing, of the use of excessive corporal punishment, confirms our prior concern of "substantial probability of child abuse" (*Matter of Jennifer G., supra,* p 702). The testimony of two social workers that the mother is making progress and that she has attended guidance and training programs does not, without more, justify return of the children to her, pending final disposition of this child protective proceeding, especially since the mental health studies and investigation report have not yet been completed. The best interests of the children indicate a need for stability which can best be satisfied by leaving them in their present home and continuing visitation rights until this matter is finally resolved.

We direct that a new Law Guardian be appointed by the Family Court and that further proceedings be conducted before a different Judge. The Law Guardian took the position at the fact-finding hearing that "there is certainly reason to take a risk here" and return the children to the mother, and the Family Court Judge stated that in his opinion our remittal was erroneous because he was "barely persuaded" by our memorandum decision.

Social experiments should not be conducted at the cost of the well-being of the children. The Law Guardian did not, therefore, act in the best interests of the children. Further, Trial Judges cannot flout the remittitur of this court, either expressly or implicitly (*see e.g., Goldenberg v City of New York,* 43 AD2d 861; *United States v Pink,* 36 NYS2d 961; 10 Carmody-Wait 2d, NY Prac, § 70:453). Consequently, in light of the "firmness of the Judge's earlier — expressed views", any further proceedings should be conducted before a different judge (*United States v Robin,* 553 F2d 8, 10; *see also, United States v Mendel,* 746 F2d 155, 164; *United States v Ritter,* 273 F2d 30, 32, *cert denied* 362 US 950). Titone, J. P., Mangano, Weinstein and Kunzeman, JJ., concur.