■ In the Matter of BABY GIRL L. COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Appellant; RUTH L. et al., Respondents. GEORGE C., Intervenor-Respondent.—In a child protective proceeding pursuant to Family Court Act article 10, the appeal, by permission, is from an order of the Family Court, Kings County (Palmer, J.), dated June 10, 1987, which denied the application of the petitioner Commissioner of Social Services of the City of New York for temporary custody of

the child and awarded temporary custody to the intervenor, George C.

Ordered that the order is reversed, on the law and the facts, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for an expedited hearing under Family Court Act § 1027 to determine whether granting temporary custody of the child to the intervenor George C. would create an imminent risk to the child's life or health; in the interim, the child shall remain in the custody of the petitioner.

On June 10, 1987, the petitioner filed a petition against the mother, Ruth L., and Joseph R., the "person legally responsible" for Baby Girl L., charging them with the neglect of the child. This petition also stated that the intervenor George C. was the child's father.

On this same date, at a preliminary hearing held in Family Court under Family Court Act § 1027 (a) and (b) to determine who was to receive temporary custody of the child pending the resolution of the neglect proceeding, the intervenor George C. claimed to be the father of the child and requested custody. The petitioner claimed that there was a dispute as to paternity, but when Joseph R., who the petitioner claimed was legally married to the mother when the child was born, was asked if he was the father, he merely responded that he did not know. The petitioner also stated to the court that George C. had been investigated as a possible "resource" but that his apartment was not suitable. The court apparently ignored this claim, finding that George C. was the father, emphasizing that no neglect petition had yet been filed against him, and concluding that temporary custody of the child must thus be granted to George C. We disagree.

Family Court Act § 1027 (a) and (b) provides that:

"(a) In any case involving abuse or in any case where the child has been removed without court order, the family court shall hold a hearing as soon as practicable after the filing of a petition to determine whether the child's interests require protection pending a final order of disposition. In any case under this article, any person who may originate a proceeding under this article may apply for, or the court on its own motion may order, a hearing at any time after the petition is filed to determine whether the child's interests require protection pending a final order of disposition.

"(b) Upon such hearing, if the court finds that removal is necessary to avoid imminent risk to the child's life or health,

it shall remove the child and remand him to a place approved for such purpose by the local social services department or place him in the custody of a suitable person other than the respondent".

While we find that an alleged dispute as to paternity would not, by itself, have barred the court from granting temporary custody of the child to George C., we also hold that the court should not have precluded an inquiry under Family Court Act § 1027 to determine whether it was proper to grant temporary custody to George C. simply because no neglect petition had been filed against him and the court believed him to be the father (see, e.g., Family Ct Act § 1022 [a] [ii], which allows for removal of a child from a parent's custody even prior to a neglect petition being filed against that parent if "necessary to avoid imminent danger to the child's life or health"). Under the particular circumstances of this case, where there was nonconclusive evidence of paternity and where a serious question was raised about George C.'s ability to care for the child, the court should at least have conducted a minimal inquiry, as contemplated by Family Court Act § 1027, to determine whether he was a "suitable person" to take custody of the child or whether it was necessary to commit the child to the custody of the petitioner so as to "avoid imminent risk to the child's life or health" (Family Ct Act § 1027 [b]). Thompson, J. P., Weinstein, Rubin and Harwood, JJ., concur.