(April 12, 1988)

■ In the Matter of DARNELL D. and Others, Children Al-

leged to be Neglected. COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Appellant; YVONNE D., Respondent.— In a child neglect proceeding pursuant to Family Court Act article 10, the appeal, by permission, is from an order of the Family Court, Queens County. (Gage, J.), dated February 4, 1988, which, after a hearing pursuant to Family Court Act § 1028, granted the application of the respondent mother to have her child returned to her pending a determination of the proceeding.

Ordered that the order is reversed, without costs or disbursements, the mother's application is denied, and the matter is remitted to the Family Court, Queens County, for further proceedings consistent herewith.

This is a child neglect proceeding pursuant to Family Court Act article 10 instituted by petition of the Commissioner of Social Services of the City of New York. Her child having been temporarily removed from her physical custody, the mother applied pursuant to Family Court Act § 1028 for return of the child, and the Family Court granted the application. We reverse.

The evidence adduced by the petitioner at the hearing demonstrated that the return of the child to his mother presents an imminent risk to the child's health (see, Family Ct Act § 1028 [b]). A Department of Social Services caseworker testified that she received a report on January 5, 1988, alleging that the mother was a "crack" abuser. During the course of her investigation, the caseworker spoke to several of the mother's family and friends, all of whom reported their suspicions of the mother's drug abuse. The caseworker further testified that the mother admitted using drugs on two occasions after her incarceration in 1987 for a drug-related offense. Furthermore, despite requests by the caseworker, the mother failed to submit to a drug test or to attend a drug treatment program.

In light of the evidence presented, the safer course is not to return the child to his home until further facts are adduced at the fact-finding hearing scheduled for April 13, 1988 (see, Matter of Jennifer G., 105 AD2d 701, 702, after remand 110 AD2d 801; Matter of Bobby M., 103 AD2d 777, 779). Weinstein, J. P., Eiber, Sullivan and Balletta, JJ., concur.

(April 18, 1988)

■ AFFILIATED CREDIT ADJUSTORS, INC., Respondent-Appel-