(October 17, 1989)

■ In the Matter of ANGELA D., and Another, Children Alleged to be Abused. COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Appellant; ANNETTE S., Respondent.— In consolidated child protection proceedings pursuant to Family Court Act article 10 involving allegations of neglect and abuse, the appeal is from so much of an order of the Family Court, Kings County (Tejada, J.), dated July 25, 1989, as, after a hearing pursuant to Family Court Act § 1028, granted the application of the mother to have the children returned to her pending a determination of the proceeding.

Ordered that the order is reversed insofar as appealed from, without costs or disbursements, the mother's application is denied, and the matter is remitted to the Family Court, Kings County, for further proceedings consistent herewith.

These child protection proceedings pursuant to Family Court Act article 10 were instituted by the Commissioner of Social Services of the City of New York, who alleged that the mother's twin three-year-old children, Angela and Leonardo, were abused and neglected. A fact-finding hearing before the Family Court is scheduled for October 23, 1989. However, after her children were temporarily removed from her physical custody, the respondent applied pursuant to Family Court Act § 1028 for their return pending a determination by the Family Court at the scheduled hearing. The Family Court granted the application but this court stayed the transfer pending appeal. We now reverse.

The evidence adduced by the petitioner at the hearing established that the return of the children to their mother would pose an imminent risk to their health *(see,* Family Ct Act § 1028). Both a teacher at the day care center where she was enrolled and a caseworker for Emergency Services for Children observed a black and blue mark around Angela's eye, which the caseworker had described as "swollen". A one-inch burn which the caseworker and a doctor had described as being caused by a hot iron was also observed on Angela's

buttocks. A large scratch and black and blue mark were observed on Angela's thigh by another teacher at the day-care center. Leonardo was observed to have a "split" lip by the caseworker. Leonardo was also observed to have a bruise on his leg which the doctor who examined him stated was probably caused by his being dragged and pulled. Both children stated that their mother punches them when she gets mad and both demonstrated such conduct by making a fist with their hands.

These injuries were not adequately explained by the respondent (see, Matter of Shawniece E., 110 AD2d 900). Under these circumstances, it would not be in the best interests of the children to return them to the respondent prior to the fact-finding hearing in this matter (Family Ct Act § 1028; Matter of Darnell D., 139 AD2d 610; Matter of Jennifer G., 105 AD2d 701, 702, appeal after remand 110 AD2d 801; Matter of Bobby M., 103 AD2d 777).

This decision and order relates solely to the mother's application pursuant to Family Court Act § 1028 and should not be taken as any indication of what ultimate determination should be made by the Family Court as to the petition alleging abuse and neglect. Mollen, P. J., Bracken, Rubin and Sullivan, JJ., concur.

