■ In the Matter of LASHAWN G. and Others, Children Alleged to be Permanently Neglected. COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Appellant; MARIE G. et al., Respondents.—In a child neglect proceeding pursuant to Family Court Act article 10, the petitioner appeals, by permission, from an order of the Family Court, Kings County (Demarest, J.), dated March 2, 1990, which, after a hearing pursuant to Family Court Act § 1028, conditionally granted the application of the respondent mother to have her children returned to her pending the determination of the proceeding.

Ordered that the order is affirmed, without costs or disbursements, and the stay pending appeal granted by decision and order of this court dated March 20, 1990, is vacated forthwith.

This child neglect proceeding pursuant to Family Court Act article 10 was initiated by the Commissioner of Social Services of the City of New York, who alleged that the mother's three children Anthony, Darren, and Lashawn, aged 3, 9, and 11, respectively, were neglected due, inter alia, to her failure to provide adequate food, sanitary housing, and medical attention to the asthmatic child Anthony. However, after her

children were temporarily removed from her physical custody, the respondent mother applied pursuant to Family Court Act § 1028 for their return pending a determination of the Family Court. The Family Court granted the application, but this court granted leave to appeal and stayed the transfer pending appeal.

The evidence adduced by the petitioner failed to establish that the return of the children posed an imminent risk to their health where, as here, the offending circumstances have been remedied, and the court specified conditions which the mother was required to comply with in order to retain custody. We note that this is the first instance of intervention, and the petitioner did not offer the respondent mother any services or assistance as a preferred alternative to the removal of these children. Under these circumstances, it is in the best interests of the children to return them to the respondent mother prior to the fact-finding hearing in this matter (see, Family Ct Act § 1028; cf., Matter of Angela D., 154 AD2d 567; Matter of Darnell D., 139 AD2d 610).

This decision and order relates solely to the mother's application pursuant to Family Court Act § 1028 and should not be taken as any indication of what ultimate determination should be made by the Family Court as to the petition alleging neglect. Mangano, P. J., Lawrence, Rubin and Balletta, JJ., concur.