■ In the Matter of HIRAM V. and Another. COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Appellant; MARITZA V., Respondent.—In a child abuse proceeding pursuant to Family Court Act article 10, the petitioner appeals from an order of the Family Court, Kings County (Palmer, J.), dated February 22, 1990, which, after a hearing pursuant to Family Court Act § 1028, granted the application of the respondent mother to have her children returned to her pending a determination of the proceeding.

Ordered that the order is affirmed, without costs or disbursements; and it is further,

Ordered that the matter is remitted to the Family Court, Kings County, for further proceedings in accordance herewith.

The instant abuse proceeding was instituted by the Commissioner of Social Services of the City of New York (hereinafter the petitioner) on the basis of a police report made after the execution of a search warrant for the respondent mother's apartment. The search of the apartment revealed the presence, *inter alia,* of a loaded gun, drug paraphernalia, narcotics stored in a locked safe, and equipment for the bagging of narcotics. The children were temporarily removed from their mother's custody and she made an application pursuant to Family Court Act § 1028 for their return. At the hearing held pursuant to Family Court Act § 1028, the respondent mother testified that she was estranged from the children's father at the time of the search, although he had visited the apartment daily. The mother also denied knowledge of any illicit narcotics activities.

The hearing court concluded that since the father had been arrested and the offending items removed from the apartment, there was no imminent danger to the children in remaining in the custody of their mother. Accordingly, the court directed the return of the children to their mother's custody and issued a temporary order of protection against the father, which has since expired.

On appeal, the petitioner contends that the Family Court improperly directed the return of the children to their mother's custody.

A review of the hearing minutes discloses that the petitioner did not meet its burden of establishing that the children should not be returned to their mother *(see,* Besharov, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 1028, at 333-334). The evidence adduced at the hearing did not establish a substantial probability of child abuse or neglect (Family Ct Act § 1028 [b]; *cf., Matter of Jasmine H.,* 88 AD2d 996, 997; *see also, Matter of Jennifer G.,* 105 AD2d 701, 702, *after remittal* 110 AD2d 801), or that the return of the children to their mother presented an imminent risk to the children's health *(see, Matter of Darnell D.,* 139 AD2d 610, 611). According deference to the preference for returning the children to their mother, we find that the Family Court did not improvidently exercise its discretion.

However, since it appears that the father is no longer incarcerated, and because an important aspect of our determination is premised upon the father not having contact with the children, the matter is remitted to the Family Court for consideration of whether the issuance of a temporary order of

protection against the father would be appropriate under the present facts and circumstances.

It should be noted that the instant determination relates solely to the respondent mother's application pursuant to Family Court Act § 1028 and should not be viewed as any indication of the determination to be made upon the impending fact-finding hearing. Bracken, J. P., Rubin, Rosenblatt and Miller, JJ., concur.