■ In the Matter of KARENAE B., a Child Alleged to be Neglected. KAREN P. et al., Respondents; LENORE GITTIS, Appellant. [605 NYS2d 268] —Order, Family Court, New York County (Sheldon M. Rand, J.), entered August 4, 1993, which paroled Karenae B. to respondent-father pending a determination as to whether he and the respondent-mother neglected the child, unanimously reversed, on the law and on the facts, without costs, and the child is remanded to the custody of the Commissioner of Social Services pending the Family Court's determination of the neglect petition.

Karenae B. is a 2½ year old child. On March 24, 1993 The

Legal Aid Society, as Law Guardian, filed a petition in New York County Family Court on her behalf alleging neglect by her parents. On April 28, 1993 a hearing was held pursuant to section 1028 of the Family Court Act to determine whether the child should be remanded to the Commissioner of Social Services or returned to the father during the pendency of proceedings. At the close of the hearing, the court granted the father's application for custody of the child pending a determination as to whether he and the respondent-mother neglected the child. On April 29, 1993, this Court granted leave to appeal and issued a stay of the Family Court order pending the appeal.

According to testimony offered at the section 1028 hearing, this matter first came to the attention of authorities when the homeless shelter where the mother resided filed a Report of Suspected Abuse or Neglect. Prompting that report was the fact that the mother, who is separated from the father, failed to pick up her daughter from day care. The next day the mother and father met with a caseworker from the Child Welfare Administration. During that meeting the mother admitted using crack cocaine during the five-month period that the child had been living with her and that she "has been in and out of drugs for about ten years." She explained that she had failed to pick up the child the day before because she had passed out from drug usage. The father was belligerent, smelled of alcohol and raced through the hallways screaming and, according to the caseworker, admitted having knowledge of the mother's drug use.

The father testified that he had lived with his wife and daughter as a family for eight months after the child's birth, but then separated from his wife because of her drug use, taking the child with him. He gave the child back to the mother in October 1992 while she was living in a homeless shelter. During the five months the child lived with her mother, the father claimed having no knowledge of her continuing lapses into drug use. He admitted to being the subject, with the mother, of a prior neglect petition based upon their drug use which resulted in the placement of his two stepchildren in foster care. That petition included a charge of sexual abuse of his now adult stepdaughter, although no abuse finding was made. He also admitted to a robbery conviction and imprisonment from 1974-1977.

Section 1028 of the Family Court Act provides that the court shall grant an application for a child's return pending a final determination of a neglect or abuse petition unless it

finds "that the return presents an imminent risk to the child's life or health". We believe that the father's removing his child from her comfortable and stable home with him, to place her with her mother whom he knew to have a long-standing and recurring crack cocaine addiction, and who had just moved into a homeless shelter, supports a finding that returning the child to the father would present an imminent risk to the child's life or health. In light of this, we believe that "the safer course is not to return the child * * * until further facts are adduced" *(Matter of Darnell D.,* 139 AD2d 610, 611).

The order returning Karenae to her father is accordingly reversed, and the child is remanded to the Commissioner of Social Services pending determination of the neglect petition. We are informed that a fact-finding hearing is imminent. If it has not been held, it is directed to be heard forthwith. This decision relates solely to the father's section 1028 application and should not be construed by the Family Court Judge as representing our view of the appropriate disposition of the neglect petition. Concur—Sullivan, J. P., Carro, Ellerin, Kassal and Rubin, JJ.