◼ In the Matter of CAROLINE C. CAROLINE C. et al., Respondents; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Appellant. [615 NYS2d 79] —In a child abuse proceeding pursuant to Family Court Act article 10, the petitioner appeals from an order of the Family Court, Kings County (Segal, J.), dated April 13, 1994, which, after a hearing pursuant to Family Court Act § 1028, granted the application of the mother to have her child returned to her pending a final determination of the proceeding. By order dated April 21, 1994 the order of the Family Court was stayed pending determination of this appeal.

Ordered that the order is reversed, on the law, without costs or disbursements, the mother's application is denied, and matter is remitted to the Family Court, Kings County, for further proceedings consistent herewith.

This is a child abuse proceeding instituted by petition of the Commissioner of Social Services of the City of New York pursuant to Family Court Act article 10. Her child having been temporarily removed from her physical custody, the mother applied pursuant to Family Court Act § 1028 for return of the child, and the Family Court granted the application. We reverse.

The evidence adduced by the petitioner at the hearing demonstrated that the return of the child presents an imminent risk to the child's health (see, Family Ct Act § 1028 [b]). A Department of Social Services caseworker testified that on February 23, 1994, the child Caroline was examined at Coney Island Hospital and found to have multiple bumps, bruises, lacerations and scrape marks on her face. The physician who examined Caroline indicated that the injuries were inconsistent with the mother's explanation that Caroline fell from a bed and was scratched by the mother's ring during a bath. In addition, the caseworker testified that the mother had five other children who were not in the mother's care. One neglect proceeding was commenced against the mother because she had abandoned her son Antonio when she was using crack cocaine. Another neglect proceeding was commenced against the mother when Caroline was born with syphilis. Furthermore, although the mother's drug tests were negative, the mother admitted that she had been convicted of selling drugs in 1993.

In light of the evidence presented, the safer course is not to return the child to her home until further facts are adduced at a fact-finding hearing (see, Matter of Darnell D., 139 AD2d 610; Matter of Jennifer G., 105 AD2d 701). Rosenblatt, J. P., Copertino, Joy and Florio, JJ., concur.