■ In the Matter of WILLIAM C., a Child Alleged to be Neglected. SUFFOLK COUNTY CHILD PROTECTIVE SERVICES, Appellant; DOROTHY C., Respondent. [618 NYS2d 416] —In a child abuse and neglect proceeding pursuant to Family Court Act article 10, the petitioner appeals from an order of the Family Court, Suffolk County (Abrams, J.), dated July 8, 1994, which, after a hearing, in effect, denied the petitioner's application pursuant to Family Court Act § 1027 for custody of the child pending a final order of disposition and granted the application of the mother pursuant to Family Court Act § 1028 to have the child returned to her custody pending a final determination of the proceeding.

Ordered that the order is reversed, on the law, without costs or disbursements, the petitioner's application is granted, the mother's application is denied, and the matter is remitted to the Family Court, Suffolk County, for further proceedings consistent herewith.

This is a child abuse and neglect proceeding instituted by the petition of Child Protective Services of the Suffolk County Department of Social Services (hereinafter CPS) pursuant to Family Court Act article 10. CPS alleged that the mother neglected her son William C. by failing to protect him from sexual abuse by her boyfriend Alan S. CPS moved for an order, pursuant to Family Court Act § 1027, granting it custody of William pending a final order of disposition. The mother applied, pursuant to Family Court Act § 1028, for the return of William. A combined Family Court Act §§ 1027, 1028 hearing was held on July 7, 1994. In an order dated July

8, 1994, the Family Court implicitly denied the application of CPS by granting the mother's application for the return of William. The court also issued a protective order directing the mother not to permit any contact between William and Alan. By decision, an order dated July 26, 1994, the order of the Family Court was stayed pending the hearing and determination of this appeal.

On appeal, CPS along with the Law Guardian contend that the Family Court improperly ordered the return of William to the custody of his mother. We agree.

The evidence adduced at the hearing demonstrated that returning the child to his mother's custody presents an imminent risk to the child's health (see, Family Ct Act § 1027 [b]; § 1028). Further, the risk is not eliminated by the issuance of an order of protection (see, Family Ct Act § 1027 [b]; § 1028). A CPS supervisor testified that although the mother knew that Alan had slept naked with William on several occasions, she permitted William and his older brother Kenneth to spend at least 5 nights per week at Alan's home. Kenneth gave 3 separate statements to the police alleging he and William were sexually abused by Alan. There was also evidence that the mother discovered photographs allegedly taken by Alan of Kenneth naked from the waist down. However, she did not restrict either William's or Kenneth's visits with Alan. Further, at the commencement of this proceeding CPS instructed the mother to protect William from Alan as there was a substantial probability that William was being abused. Yet, the following weekend, she, Alan and William spent time together at Alan's vacation home. Notably, even the Family Court expressed deep concern regarding the mother's judgment with respect to William.

In light of the evidence presented the safer course is not to return the child to his mother's custody pending a full fact-finding hearing (see, Matter of Caroline, 206 AD2d 529; Matter of Darnell D., 139 AD2d 610; Matter of Jennifer G., 105 AD2d 701). Bracken, J. P., Miller, Lawrence and Santucci, JJ., concur.