In the Matter of CHILD WELFARE ADMINISTRATION, on Behalf of JEAN L. and Others, Children Alleged to be Neglected, Appellant, v DANIELLE R., Respondent. [639 NYS2d 487]

This appeal involves three child neglect proceedings brought by the petitioner, the Child Welfare Administration, pursuant to Family Court Act article 10. The petitioner alleged that the respondent mother neglected her three sons by behaving in a bizarre manner and that her behavior included, *inter alia,* overturning furniture, breaking glass, and lunging at uniformed police officers with a machete. The petitioner moved pursuant to Family Court Act § 1027 for custody of the children pending the final determination of the proceedings. At the conclusion of a hearing pursuant to Family Court Act § 1027 at which the mother did not appear, the Family Court concluded that the children were at risk of imminent harm and remanded them to the petitioner's care. The mother subsequently appeared in court and requested a hearing pursuant to Family Court Act § 1028 for the return of her children. A hearing was held on September 18, 1995, at the conclusion of which the court denied the petitioner's applications for custody of the children and directed that they be returned to the mother pending the final determination of the proceedings. The Law Guardian's motion to re-open the hearing was subsequently denied.

The petitioner and the Law Guardian contend that the Family Court improperly returned the children to the custody of their mother. We agree. The evidence adduced at the hearing demonstrates that the return of the children to the mother presents an imminent risk of harm to their health (*see,* Family Ct Act § 1027 [b]; § 1028). There was uncontroverted evidence adduced at the hearing that the mother neglected her sons by acting in a bizarre manner, i.e., overturning furniture and breaking glass. She also allegedly confined the children to their room for the entire day and would not permit them to answer the telephone or the door. There was further evidence adduced at the hearing that the mother, in the presence of the children, lunged at uniformed police officers with a machete when they entered her apartment, that the children were hungry, that their clothes did not fit properly, and that they were not appropriately dressed for the cold weather.

In view of the foregoing evidence, the safest course of action is not to return the children to their mother until further facts are adduced at a fact-finding hearing (see, Matter of William C., 209 AD2d 408; Matter of Caroline C., 206 AD2d 529; Matter of Darnell D., 139 AD2d 610; Matter of Jennifer G., 105 AD2d 701). Santucci, J. P., Krausman, Goldstein and Florio, JJ., concur.