■ In the Matter of J. CHILDREN. ROCHMA J. et al., Respondents; COMMISSIONER OF ADMINISTRATION FOR CHILDREN'S SERVICES OF CITY OF NEW YORK, Appellant. [694 NYS2d 462] —In a child protective proceeding pursuant to Family Court Act article 10, the petitioner appeals from an order of the Family Court, Kings County (Elkins, J.), dated December 4, 1998, which granted, without a hearing, the application of the respondents Sinai H. and Chava H., the maternal grandparents, for temporary custody of the subject children, to be supervised by the petitioner.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for a hearing in accordance herewith, before a different Judge; and it is further,

Ordered that pending the hearing and the new determination on the respondents' application, the stay granted by decision and order on motion of this Court dated December 21, 1998, shall remain in effect, and the children shall remain in the custody of the petitioner.

The maternal grandparents of the subject children share a house with the children's mother and her husband, the respondents Rochma J. and Elisha J. The appellant has charged that Rochma J., the children's mother, suffers from Munchausen Syndrome by Proxy, and that she caused the death of one son by sodium chloride poisoning while that child was in the custody of the maternal grandparents and an order

of protection against her was in effect (*see, e.g., Matter of William C.,* 209 AD2d 408, 409; *Matter of Jose C.,* 102 AD2d 765).

The Family Court erred in granting the application of the maternal grandparents for the return of their daughter's surviving children without first holding a hearing under Family Court Act § 1028. That section provides, in pertinent part, that "[u]pon the application of the parent or other person legally responsible for the care of a child temporarily removed under this part or upon the application of the law guardian for an order returning the child, the court *shall* hold a hearing to determine whether the child should be returned (i) unless there has been a hearing pursuant to [Family Ct Act § 1027] on the removal of the child at which the parent or other person legally responsible was present and had the opportunity to be represented by counsel, or (ii) upon good cause shown" (emphasis supplied). Here, the petitioner requested a "full evidentiary hearing" on the application of the maternal grandparents for parole of the children to them. Under the circumstances of this case, where no good cause to dispense with the hearing was shown, the court erroneously returned the children to the custody of the maternal grandparents without first holding a hearing as the petitioner requested. Thompson, J. P., Friedmann, Schmidt and Smith, JJ., concur.