■ In the Matter of Erika B. and Others, Children Alleged to be Abused and Neglected. Modesta B. et al., Respondents; Commissioner of the Administration for Children's Services of the City of New York, Appellant. [702 NYS2d 110] —In a child protective proceeding pursuant to Family Court Act article 10, the petitioner appeals from an order of the Family Court, Queens County (DePhillips, J.), dated June 29, 1999, which, after a hearing pursuant to Family Court Act § 1027, discharged the subject children to the respondent mother pending final determination of the proceeding. By decision and order on motion dated July 15, 1999, the order dated June 29, 1999, was stayed pending hearing and determination of the appeal.

Ordered that the order is reversed, as a matter of discretion, without costs or disbursements, and the matter is remitted to the Family Court, Queens County, for further proceedings; and it is further,

Ordered that custody of the subject children shall remain with the petitioner pending final determination of the proceeding.

This child protective proceeding was instituted to remove three minor children from the mother's home based upon allegations that the father had sexually abused one of the female children. The evidence adduced by the petitioner at the hearing pursuant to Family Court Act § 1027 demonstrated that the return of the children to the mother's custody presents an imminent risk to their health and safety (see, Family Ct Act § 1027 [b]; § 1028). At the hearing, the mother testified that even though she had previously obtained an order of protection against the father because he was mentally unstable, she had permitted him to stay in the house with her and the children on the night before she brought her daughter to the hospital because the child experienced vaginal bleeding. The physician who examined the child concluded that the child's injuries were due to recent penetration, a conclusion which was inconsistent with the mother's explanation that the child had fallen off a bicycle.

In light of the evidence presented, the safer course is to maintain the status quo until after a full fact-finding hearing (see, Matter of William C., 209 AD2d 408; Matter of Caroline C., 206 AD2d 529; Matter of Darnell D., 139 AD2d 610). Santucci, J. P., S. Miller, Luciano and Feuerstein, JJ., concur.