■ In the Matter of MARCOS O. and Another, Children Alleged to be Abused and Neglected. COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES OF THE CITY OF NEW YORK, Appellant; ILLIANA O., Respondent, et al., Respondent. [703 NYS2d 532] —In two child protective proceedings pursuant to Family Court Act article 10, the petitioner, Commissioner of the Administration for Children's Services of the City of New York, appeals from two orders (one as to each child), of the Family Court, Kings County (Segal, J.), both dated September

30, 1999, which, after a hearing pursuant to Family Court Act § 1028, granted the mother's application and returned the children to her.

Ordered that the orders are reversed, on the law, without costs or disbursements, the mother's application for the return of the children is denied, and the matter is remitted to the Family Court, Kings County, for further proceedings consistent herewith.

These related child protective proceedings were instituted by the Commissioner of the Administration for Children's Services of the City of New York (hereinafter the ACS) pursuant to Family Court Act article 10. The mother applied pursuant to Family Court Act § 1028 for return of the two children who were temporarily removed from her custody, and the Family Court granted the application. The Family Court also issued a temporary order of protection prohibiting the mother from engaging in any form of corporal punishment. The Family Court's order directing the return of the children was stayed pending the hearing and determination of the appeal. On appeal, both the ACS and the Law Guardian for the children contend that the Family Court improperly Ordered the return of the children to the custody of their mother.

The evidence adduced at the hearing demonstrated that a return of the children to their mother's custody presents an imminent risk to their health (see, Family Ct Act § 1028 [b]), which is not eliminated by the issuance of an order of protection (see, Family Ct Act § 1027 [b]; § 1028). An ACS caseworker testified that the subject son informed her that his mother hit, scratched, and repeatedly pushed him into a wall unit, resulting in visible injuries to his face, neck, and back. He also informed the caseworker that his mother had previously hit him and his sister with a belt. The paternal uncle testified that he observed the injuries sustained by the son, and that the son told him that the mother had inflicted them. The uncle also testified that the mother had told him that she no longer wished to have custody of her son. The other child expressed fear of the mother to the same paternal uncle. The mother admitted that she pushed her son into a bureau, scratched his face, and put her hands around his neck, and that she had told her son on occasion that she no longer wanted him to live with her. The mother stated that she believed in the use of corporal punishment to discipline her children, and admitted that she had hit her children with a belt at times.

In light of the evidence presented, the safer course is not to return the children to their mother's custody pending a full

fact-finding hearing (*see, Matter of William C.*, 209 AD2d 408, 409; *Matter of Caroline C.*, 206 AD2d 529; *Matter of Darnell D.*, 139 AD2d 610; *Matter of Jennifer G.*, 105 AD2d 701). Mangano, P. J., Bracken, Luciano and Smith, JJ., concur.