■ In the Matter of ROBERT H., a Child Alleged to be Neglected. COMMISSIONER OF ADMINISTRATION FOR CHILDREN'S SERVICES OF THE CITY OF NEW YORK, Appellant; ROSE J. H. et al., Respondents. [762 NYS2d 107] —In a child neglect proceeding pursuant to Family Court Act article 10, the petitioner appeals from an order of the Family Court, Queens County (Hunt, J.), dated February 24, 2003, which, after a hearing pursuant to Family Court Act § 1028, granted an application for the return of the subject child to the custody of his father under the petitioner's supervision. By decision and order on motion dated March 14, 2003, this Court stayed enforcement of the order pending hearing and determination of the appeal.

Ordered that the order is reversed, on the law, without costs or disbursements, the application for the return of the subject child is denied, and the matter is remitted to the Family Court, Queens County, for further proceedings consistent herewith.

After the commencement of this child neglect proceeding regarding Robert H., a temporary order of protection was issued against the parents in favor of Robert, directing the parents, inter alia, to refrain from using corporal punishment. The Family Court subsequently temporarily removed Robert from the parents' custody after finding that there existed an imminent risk to his emotional and mental health. Thereafter, following an application pursuant to Family Court Act § 1028, the Family Court returned Robert to the custody of his father under the petitioner's supervision.

The Family Court erred in granting the application and returning Robert to his father's custody at this juncture. There was sufficient evidence presented at the initial hearing that Robert's emotional, mental, and physical health would be at imminent risk if he was returned to live with his parents (*see* Family Ct Act § 1028 [f]).

In light of the foregoing and the parents' failure to live up to prior directives of the Family Court, the safer course is not to return Robert to his father's custody pending a full fact-finding hearing (*see Matter of Marcos O.,* 270 AD2d 270 [2000]; *Matter of Erika B.,* 268 AD2d 586 [2000]; *Matter of C. Children,* 249 AD2d 540 [1998]; *Matter of Caroline C.,* 206 AD2d 529 [1994]; *Matter of Darnell D.,* 139 AD2d 610 [1988]). Smith, J.P., Luciano, H. Miller and Adams, JJ., concur.