In the Matter of TONI G. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; ANTONIO G. et al., Respondents. [777 NYS2d 741]—

In a child protective proceeding pursuant to Family Court Act article 10, the petitioner appeals from an order of the Family Court, Nassau County (Marks, J.), dated June 10, 2003, which denied its application for temporary removal of the subject child, and awarded temporary joint custody to the child's cousin and grandmother. By decision and order on motion of this Court dated June 25, 2003, enforcement of the order was stayed pending hearing and determination of the appeal.

Ordered that the order is reversed, on the law, without costs or disbursements, the application for temporary removal is granted, and the matter is remitted to the Family Court, Nassau County, for further proceedings consistent herewith, including an immediate fact-finding hearing, to be completed expeditiously.

On May 19, 2003, the Nassau County Department of Social Services (hereinafter the DSS) filed an emergency petition pursuant to Family Court Act § 1022 seeking to remove one-year-old Toni G. from her parents' custody and to place her in temporary foster care pending the determination of an abuse proceeding based upon the parents' alleged failure to provide Toni with proper nutrition. A few days earlier, Toni G. was hospitalized due to malnourishment. Although she was 12 months old, she only weighed 10 pounds 2.5 ounces.

On May 20, 2003, the Family Court commenced a hearing to determine the issue of Toni's temporary removal. On or about May 22, 2003, the Family Court granted the DSS a temporary order of custody and Toni was placed in foster care. Thereafter, on or about May 28, 2003, the DSS filed a formal abuse petition against the respondent parents. Hearings continued until June 5, 2003. Counsel for the parents argued that the DSS failed to meet its burden of proving the need for temporary removal and suggested that Toni's cousin and grandmother could serve as temporary custodians. By order dated June 10, 2003, the Family

Court granted temporary custody of Toni to her 20-year-old cousin and grandmother. The DSS appeals. By decision and order on motion of this Court dated June 25, 2003, enforcement of the order of the Family Court was stayed pending the hearing and determination of this appeal. We now reverse.

The evidence adduced at the hearings demonstrated that returning Toni to her mother and father presents, as the Family Court found, an imminent risk to the child's health (*see* Family Ct Act §§ 1022, 1027, 1028). Contrary to the parents' contention, the record contains no evidence to show that such risk would be eliminated by granting temporary custody to Toni's cousin and grandmother. Indeed, the order would allow the grandmother and cousin to reside with Toni's parents while the abuse proceeding is pending, and there is no evidence to show that the household's offending circumstances have been remedied (*see Matter of Angela D.*, 154 AD2d 567 [1989]; *cf. Matter of Alyssa S.*, 296 AD2d 462 [2002]; *Matter of Stephen D.*, 250 AD2d 845 [1998]; *Matter of Lashawn G.*, 161 AD2d 712, 713 [1990]).

Moreover, the record is devoid of evidence that the cousin and grandmother are suitable custodians (*see Matter of Baby Girl L.*, 133 AD2d 458, 460 [1987]). The Family Court, in chambers, conducted off-the-record ex parte discussions with the cousin and grandmother by telephone, in the absence of counsel, upon which it based its decision to award them temporary custody. Thus, the Family Court's decision regarding temporary custody lacks a sound and substantial basis in the record (*see Matter of Millan v Vargas*, 5 AD3d 602 [2004]; *Kuncman v Kuncman*, 188 AD2d 517, 518 [1992]).

In light of the evidence in the record, the safer course is not to return the child to her parents' household, but to keep her in temporary foster care pending a full fact-finding hearing (*see Matter of Robert H.*, 307 AD2d 293, 294 [2003]; *Matter of Marcos O.*, 270 AD2d 270, 271-272 [2000]; *Matter of Erika B.*, 268 AD2d 586 [2000]; *Matter of William C.*, 209 AD2d 408, 409 [1994]; *Matter of Caroline C.*, 206 AD2d 529, 530 [1994]; *Matter of Darnell D.*, 139 AD2d 610, 611 [1988]). Moreover, because the respondent parents have now been separated from their child for over 10 months, we direct that the matter be set down for an immediate hearing to be completed expeditiously. Pending resolution of the petition, the Family Court should arrange for appropriate visitation between the child and her parents and other family members, as well as continued involvement by the parents in the child's health care. This decision should not be construed, however, as suggesting any particular determination

on the abuse petition (*see Matter of Bobby M.*, 103 AD2d 777, 779 [1984]). Altman, J.P., S. Miller, Luciano and Crane, JJ., concur.