█ In the Matter of JANIH M., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; LAVASHA M. et al., Respondents. MONICA DRINANE, Nonparty Appellant. (Proceeding No. 1.) In the Matter of RYAN W., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; LAVASHA M. et al., Respondents. MONICA DRINANE, Nonparty Appellant. (Proceeding No. 2.) In the Matter of AMONTULAH M., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; LAVASHA M. et al., Respondents. MONICA DRINANE, Nonparty Appellant. (Proceeding No. 3.) In the Matter of JAHLANIE M., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; LAVASHA M. et al., Respondents. MONICA DRINANE, Nonparty Appellant. (Proceeding No. 4.) In the Matter of RAIHANNAH M., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; LAVASHA M. et al., Respondents. MONICA DRINANE, Nonparty Appellant. (Proceeding No. 5.) [777 NYS2d 748]—

In related child neglect proceedings pursuant to Family Court Act article 10, the Law Guardian and the petitioner appeal, as limited by their briefs, from so much of an order of the Family Court, Kings County (Elkins, J.), dated January 27, 2004, as, after a hearing pursuant to Family Court Act § 1028, granted the mother's motion for the return of the subject children to her custody under the petitioner's supervision. By decision and order on motion of this Court dated February 6, 2004, enforcement of the order was stayed pending hearing and determination of the appeal.

Ordered that the order is reversed, on the law, without costs or disbursements, the motion is denied, and the matter is remitted to the Family Court, Kings County, for further proceedings consistent herewith before a different Judge.

The evidence presented as to the mother's failure to appropriately supervise her four-month-old twins, her temporary renunciation of them, her use of corporal punishment on the seven- and five-year-old children, and testimony that she left her

four youngest children home alone under the supervision of their seven-year-old sister, was sufficient to establish that the children were at imminent risk of harm. Accordingly, the Family Court erred in granting the mother's motion for the return of her children. In light of the evidence, the safer course is to not return the children to their mother's custody pending a full fact-finding hearing (*see Matter of Robert H.*, 307 AD2d 293 [2003]; *Matter of Marcos O.*, 270 AD2d 270 [2000]; *Matter of Child Welfare Admin. [Jean L.] v Danielle R.*, 225 AD2d 692 [1996]). Ritter, J.P., Townes, Mastro and Skelos, JJ., concur.