■ In the Matter of LLOYD M. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; TIWANA J. et al., Respondents. [800 NYS2d 432]—

In a child protective proceeding pursuant to Family Court Act article 10, the petitioner appeals from an order of the Family Court, Kings County (Freeman, J.), dated February 23, 2005, which, after a hearing pursuant to Family Court Act § 1027, paroled the subject child to the parents pending final determination of the proceeding. By decision and order on motion of this Court dated March 16, 2005, enforcement of the order dated February 23, 2005, was stayed pending hearing and determination of the appeal and the subject child was remanded to the petitioner's custody.

Ordered that the order is reversed, as a matter of discretion, without costs or disbursements; and it is further,

Ordered that custody of the subject child shall remain with the petitioner pending final determination of the proceeding.

This child protective proceeding was instituted to remove the infant child from the parents' home based upon allegations that the parents had abused the child. At the hearing pursuant to Family Court Act § 1027, evidence was adduced that the parents had given two versions as to how the seven-month-old child had sustained a spiral fracture of the left femur. Further, according to the caseworker, three doctors opined that the injury had been inflicted and that a spiral fracture required some "twisting" and would not be common in a child who could not walk. This evidence along with the prior abuse finding against the parents demonstrated that the child would be in imminent danger if permitted to remain at home (see Family Ct Act § 1027 [b]).

In light of the evidence presented, the safer course is to maintain the status quo until after a full fact-finding hearing (see Matter of Erika B., 268 AD2d 586 [2000]). Further, the risk to the child will not be eliminated by the issuance of an order of protection (see Family Ct Act § 1027 [b]). Schmidt, J.P., S. Miller, Santucci and Skelos, JJ., concur.