■ In the Matter of JACOB P. COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; APRIL B. et al., Respondents. [831 NYS2d 252]—

In a child abuse proceeding pursuant to Family Court Act article 10, the petitioner appeals from an order of the Family Court, Kings County (Freeman, J.), dated August 8, 2006, which, after a hearing pursuant to Family Court Act § 1028, inter alia, granted the parents' applications pursuant to Family Court Act § 1028, and paroled the subject child to the parents pending a fact-finding hearing on the abuse petition. By decision and order on motion of this Court dated August 22, 2006, enforcement of the order appealed from was stayed pending hearing and determination of the appeal.

Ordered that the order is reversed, on the facts and as a matter of discretion, without costs or disbursements, the parents'

applications pursuant to Family Court Act § 1028 are denied, and the matter is remitted to the Family Court, Kings County, for further proceedings consistent herewith.

On January 11, 2006 the Commissioner of the Administration for Children's Services (hereinafter ACS) filed a petition pursuant to Family Court Act article 10 (hereinafter the abuse petition), alleging that the parents severely injured their two-month-old child Jacob P. As a result of the injuries, the infant was temporarily placed in the custody of ACS, and has remained in foster care since January 11, 2006. Upon the parents' applications, the Family Court conducted a hearing pursuant to Family Court Act § 1028 to ascertain whether the child should be paroled to the custody of his parents, pending a fact-finding hearing on the abuse petition. Following the hearing pursuant to Family Court Act § 1028, the Family Court granted the parents' applications in an order dated August 8, 2006, which, inter alia, paroled the child back to his parents pending a fact-finding hearing on the abuse petition. Enforcement of that order was stayed by this Court, and we now reverse.

The evidence adduced by ACS at the hearing pursuant to Family Court Act § 1028 demonstrated that, contrary to the determination of Family Court, the return of the child to his parents presents an imminent risk to the child's life and health (see Family Ct Act § 1028 [b]). The record reveals that the child was admitted to Long Island College Hospital on December 25, 2005 with signs of seizures, the mother having first noticed the child exhibiting "twitching" 12 to 14 hours earlier that day. A CT scan revealed a large bilateral subdural hematoma in the frontal lobe of the child's brain, requiring an emergency surgery. During surgery, it was discovered that the child had additional bleeding in the posterior part of his brain as well, and that this injury was more recent than the frontal hematoma. The child was thereafter transferred to New York Presbyterian Hospital, where additional CT scans and X-rays revealed that the child also had a fractured posterior left rib and left clavicle, which were less than one week old. Physicians who examined the infant testified that the injuries were life-threatening, caused by non-accidental trauma, and consistent with shaken baby syndrome. The child's prognosis was guarded and the child continued to have physical therapy and early intervention to stimulate his brain.

An ACS caseworker testified at the hearing pursuant to Family Court Act § 1028 that no one knew who injured the child, there was never any explanation as to how the child sustained the injuries, and there was an imminent risk that the child

could be injured again. Importantly, the parents were unable to account for the injuries, although the mother testified that she and the father were the child's primary caretakers, and the father had been alone with the child for several hours on the evening preceding his injuries. Although present at the hearing pursuant to Family Court Act § 1028, the father did not testify.

The Family Court, although expressing grave misgivings about the cause of the child's injuries, apparently was swayed by the testimony of the mother, who had complied with ACS's directives concerning counseling. The Family Court noted that the father was at a disadvantage because he did not testify at the hearing. Although the Family Court could not assess his credibility and there was no background information or therapeutic reports, the Family Court nonetheless concluded that, with certain safeguards in place, including home visits by a visiting nurse service, compliance by the parents with medical and early intervention appointments, and an order prohibiting the father from being alone with the child, the parole of the child to both parents was appropriate pending the fact-finding hearing on the abuse petition.

In light of the serious nature of the traumatic injuries suffered by the infant, the failure of the father to testify at the hearing (*see Matter of Nassau County Dept. of Social Servs. v Denise J.*, 87 NY2d 73, 79 [1995]; *Matter of Jasmine A.*, 18 AD3d 546, 548 [2005]), and the lack of explanation for the infant's injuries, particularly old and new injuries at different sites on his body (*see Matter of Seamus K.*, 33 AD3d 1030 [2006]), it was an improvident exercise of the Family Court's discretion to return the child to the parents pending the fact-finding hearing on the abuse petition, as that would place him at imminent risk to his life and health (*see* Family Ct Act § 1028 [b]; *Matter of Robert H.*, 307 AD2d 293 [2003]; *Matter of Erick C.*, 220 AD2d 282, 283 [1995]; *Matter of Caroline C.*, 206 AD2d 529, 530 [1994]).

Because the parents have now been separated from their child for more than a year, we direct that the matter be set down for an immediate fact-finding hearing on the abuse petition (*see Matter of Toni G.*, 8 AD3d 379 [2004]). Pending resolution of that petition, we direct the Family Court to provide for appropriate supervised visitation between the parents and the child, and to explore the possibility of any other family members as resources. Our determination should not be construed, however, as suggesting any particular determination on the abuse petition (*id.; see Matter of Bobby M.*, 103 AD2d 777, 779 [1984]). Spolzino, J.P., Skelos, Covello and Balkin, JJ., concur.