■ In the Matter of SOLOMON W. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DENISE Y., Appellant. (Proceeding No. 1.) In the Matter of ISAIAH W. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DENISE Y., Appellant. (Proceeding No. 2.) [856 NYS2d 207]—

In two related child neglect proceedings pursuant to Family Court Act article 10, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Westchester County (Duffy, J.), entered April 4, 2007, as, after a hearing pursuant to Family Court Act § 1028, denied her application for the return of the subject children to her custody and continued the children's temporary removal from her home.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In December 2005, after 1½-year-old Isaiah W.'s feet were burned in a bathtub of scalding hot water, the subject children were removed from the mother's care. After the mother consented to the entry of a finding of neglect, the children were returned to her on condition that, inter alia, she cooperate with a 24-hour homemaker and comply with prescribed mental health therapy. Approximately five months later, the Family Court directed the temporary removal of the children from the mother's custody after finding that there existed an imminent risk to their life and health. Thereafter, following a hearing pursuant to Family Court Act § 1028, the Family Court denied the mother's request for the return of the subject children to her custody and continued the children's temporary removal from her home.

The evidence adduced at the hearing established that returning the children to the mother would have presented an imminent risk to their life or health (*see* Family Ct Act § 1028). In particular, the evidence showed that the mother failed to coop-

erate with the court-ordered 24-hour homemakers. Prior to the removal of the children, she threatened the 16th homemaker sent to her home with a knife in the presence of one of the children. The mother also admitted that she failed to keep an appointment with her psychiatrist and neglected to take her prescribed anti-depressant and anti-psychotic medication for a period of about two weeks before the children were removed from her custody.

In light of the evidence presented, the safer course is to not return the children to their mother's custody pending a full fact-finding hearing (*see Matter of Janih M.*, 8 AD3d 384, 385 [2004]; *Matter of Robert H.*, 307 AD2d 293, 294 [2003]; *Matter of Marcos O.*, 270 AD2d 270, 271-272 [2000]; *Matter of Erika B.*, 268 AD2d 586 [2000]; *Matter of C. Children*, 249 AD2d 540 [1998]; *Matter of Caroline C.*, 206 AD2d 529, 530 [1994]; *Matter of Darnell D.*, 139 AD2d 610, 611 [1988]).

The mother's remaining contentions are without merit. Rivera, J.P., Spolzino, Dillon and Balkin, JJ., concur.