*820 In a child neglect proceeding pursuant to Family Court Act article 10, the Administration for Children’s Services appeals, as limited by its brief, from so much of an order of the Family Court, Kings County (O’Shea, J.), dated January 22, 2013, as, upon renewal, adhered to the original determination in an order of the same court dated January 2, 2013, after a hearing, granting the mother’s application pursuant to Family Court Act § 1028 for the return of the subject child during the pendency of the proceeding.
Ordered that the order dated January 22, 2013, is reversed insofar as appealed from, on the facts and in the exercise of discretion, upon renewal, the determination in the order dated January 2, 2013, granting the mother’s application pursuant to Family Court Act § 1028 is vacated, the mother’s application pursuant to Family Court Act § 1028 is denied, and the matter is remitted to the Family Court, Kings County, for further proceedings consistent herewith, including the expeditious completion of the fact-finding hearing on the petition.
The mother has four children. In 2010, a neglect proceeding was commenced against the mother with respect to her second child, Jaylynn, and while that proceeding was pending, the mother gave birth to a third child, Janaya; a petition alleging derivative neglect was filed as to Janaya. In an order of fact-finding and disposition dated May 29, 2012, the Family Court found that the mother had neglected Jaylynn and derivatively neglected Janaya.
In November 2012, while the mother’s appeal from that order was pending in this Court, the mother gave birth to the subject child, Alexi. Within days after Alexi was born, the Administration for Children’s Services (hereinafter ACS) filed a neglect petition as to him, and he was removed from the parents’ custody pursuant to Family Court Act § 1021 pending disposition of the petition. The mother then applied pursuant to Family Court Act § 1028 for the return of the child during the pendency of the proceeding. The Family Court held a hearing on the application, and granted it in an order dated January 2, 2013. ACS moved for leave to renew its opposition to the mother’s application. In the order appealed from the Family Court granted renewal, but adhered to its determination. By decision and order on motion dated February 6, 2013, this Court stayed the return of the subject child to the mother. On June 12, 2013, this Court reversed the order of fact-finding and disposition dated May 29, 2012, that found that the mother had neglected Jaylynn and derivatively neglected Janaya (see Matter of Jaylynn R. [Monica D.], 107 AD3d 809, 810 [2013]).
*821 We conclude that the Family Court improvidently exercised its discretion, in, upon renewal, adhering to its determination in the order dated January 2, 2013, granting the mother’s application for the return of the subject child during the pendency of the neglect proceeding. Notwithstanding the reversal of the findings as to the siblings (see Matter of Jaylynn R. [Monica D.], 107 AD3d at 810), the evidence established that returning the subject child to the mother would place his life or health in imminent danger (see Family Ct Act § 1028 [a]; Nicholson v Scoppetta, 3 NY3d 357, 380-381 [2004]; Matter of DeAndre S. [Cleon W.], 92 AD3d 888, 888 [2012]; Matter of louke H., 50 AD3d 904, 904 [2008]; Matter of Robert H., 307 AD2d 293, 293 [2003]; Matter of Marcos O., 270 AD2d 270, 271 [2000]). Accordingly, the court should have, upon renewal, denied the mother’s application for the return of the subject child, pending a full fact-finding hearing on the petition, which must be completed expeditiously (see Matter of Toni G., 8 AD3d 379, 380 [2004]). Rivera, J.E, Balkin, Leventhal and Cohen, JJ., concur.