Matter of Tatih E. (Keisha T.) (2019 NY Slip Op 00434)





Matter of Tatih E. (Keisha T.)


2019 NY Slip Op 00434


Decided on January 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2018-04298
 (Docket No. N-8687-18)

[*1]In the Matter of Tatih E. (Anonymous). Administration for Children's Services, appellant; Keisha T. (Anonymous), respondent.


Zachary W. Carter, Corporation Counsel, New York, NY (Jane L. Gordon and Deborah E. Wassel of counsel), for appellant.
Brooklyn Defender Services, Family Defense Practice, Brooklyn, NY (Adam Schmelkin and Amy Mulzer of counsel), for respondent.
D. Morgan Burkett, New York, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the petitioner appeals from an order of the Family Court, Kings County (Alison Hamanjian, J.), dated April 13, 2018. The order, after a hearing pursuant to Family Court Act § 1028, granted the mother's application to return the subject child to her custody, subject to certain conditions. By decision and order on motion dated May 9, 2018, this Court granted the petitioner's motion to stay enforcement of the order dated April 13, 2018, pending hearing and determination of the appeal, and the care and custody of the child were continued with the father, with supervised parental access to the mother, pursuant to the terms and conditions of an order of the Family Court dated April 4, 2018.
ORDERED that the order dated April 13, 2018, is reversed, on the law and the facts, without costs or disbursements, the mother's application to return the subject child to her custody is denied, and the matter is remitted to the Family Court, Kings County, for further proceedings consistent herewith.
The petitioner commenced this proceeding pursuant to Family Court Act article 10, alleging that the mother derivatively abused or neglected the subject child based upon allegations that the mother inflicted excessive corporal punishment on her 12-year-old son, Sincere G. After commencing the proceeding, the petitioner temporarily removed the subject child from the mother's home. The mother applied to return the subject child to her custody, and the Family Court conducted a hearing on the application pursuant to Family Court Act § 1028. After the hearing, the court granted the mother's application. The petitioner appeals.
An application pursuant to Family Court Act § 1028 to return a child who has been temporarily removed "shall" be granted unless the Family Court finds that " the return presents an imminent risk to the child's life or health'" (Matter of Romeo O. [Sita P.-M.], 163 AD3d 574, 575, quoting Family Ct Act § 1028[a]). The court's determination will not be disturbed if it is supported by a sound and substantial basis in the record (see id. at 575; Matter of Esscence R. [Ebony B.R.], 158 AD3d 806, 806; Matter of Julissia B. [Navasia J.], 128 AD3d 690, 691). In making its [*2]determination, the court " must weigh, in the factual setting before it, whether the imminent risk to the child can be mitigated by reasonable efforts to avoid removal'" (Matter of Romeo O. [Sita P.-M.], 163 AD3d at 575, quoting Nicholson v Scoppetta, 3 NY3d 357, 378). The court " must balance that risk against the harm removal might bring, and it must determine factually which course is in the child's best interests'" (id., quoting Nicholson v Scoppetta, 3 NY3d at 378). "Evidence that the children who are the subject of the proceeding were previously harmed while in the parent's care is not required where it is shown that the parent demonstrated such an impaired level of parental judgment with respect to one child so as to create a substantial risk of harm to any child in that parent's care" (Matter of Rosy S., 54 AD3d 377, 378; see Matter of Victoria B. [Jonathan M.], 161 AD3d 1145, 1146; Matter of Amparo B.T. [Carlos B.E.], 118 AD3d 809, 811).
Here, the Family Court's determination granting the mother's application for the return of the subject child lacked a sound and substantial basis in the record. At the hearing, the mother admitted to hitting Sincere G. with an extension cord, leaving welts on his skin, because he would not clean his room and she wanted to get "control" over him. Although the mother testified that she only hit Sincere G. on his arms and legs, photographs admitted into evidence at the hearing clearly show welts across his chest as well. Since that incident, and as of the time of the hearing, the mother had failed to sufficiently address the mental health issues that led to the incident (see Matter of William Maragh E. [Shaunette W.], 159 AD3d 462, 463; Matter of Elijah G. [Chastity G.], 158 AD3d 762; Matter of Shay-Nah FF. [Theresa GG.], 106 AD3d 1398, 1400; Matter of Solomon W., 50 AD3d 912, 913). Accordingly, we cannot agree that the return of the subject child to the mother's custody, notwithstanding the conditions that were imposed, would not present an imminent risk to the child's life or health. The mother's application for the return of the child should have been denied, and we remit the matter to the Family Court, Kings County, for further proceedings on the petition. Pending those further proceedings, the subject child shall remain in the care and custody of the father, with supervised parental access to the mother, pursuant to the terms and conditions of an order of the Family Court dated April 4, 2018.
BALKIN, J.P., AUSTIN, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court