OPINION OF THE COURT
Elrich A. Eastman, J.
By reason of a recently amended petition, neglect proceedings have been instituted against the respondent mother, Azilda A., and her live-in paramour, Hector V., on the grounds of lack of proper supervision by reason of the misuse *596 of drugs, inter alla. Upon the return date of said amended petition the respondent Hector V. makes an application pursuant to Family Court Act § 1028 for a hearing on the immediate return of the children. Respondent Hector V. is not the biological father of the children nor is he in a legal relationship with the respondent mother.
Prior thereto under the original petition against the respondent mother, solely, such an application was waived by the natural mother upon her consent to the Commissioner’s custody of the children to reside with the paternal grandmother during the pending of the proceeding. Thus, the children have resided with the paternal grandmother since November 1989.
The issue here presented is the propriety of a court hearing for the immediate return of the children in the absence of the mother’s application for such relief after she has consented to the Commissioner’s custody of the children and solely on the basis of her live-in paramour’s application therefor.
Family Court Act § 1028 provides: "Upon the application of the parent or other person legally responsible for the care of a child temporarily removed under this part or upon the application of the law guardian for an order returning the child, the court shall hold a hearing to determine whether the child should be returned” (emphasis added).
Family Court Act § 1012 (g) broadens the definition of a "person legally responsible” for the purposes of child protective proceedings to give the court jurisdiction over "any person continually or at regular intervals found in the same household as the child”. The primary effect of this provision is to authorize child protective petitions against paramours (see, Matter of Jessica C., 132 Misc 2d 596). The reach of Family Court Act § 1012 (g) has been interpreted to extend beyond paramours to include babysitters, siblings and other relatives if they are "continually or at regular intervals found in the same household as the child”.
Clearly, the paramour qualifies as a person "legally responsible” and may apply for a hearing under Family Court Act § 1028.
However, the statute in providing for a hearing indicates a preference for the return of children to their usual habitat over removal therefrom. This does not create a custodial right for the party making such an application since a Law Guard *597 ian of the child is likewise granted the privilege to make such an application. Underlying this statutory mandate is the authority of the court as parens patriae to oversee the removal of children from their accustomed homes.
Thus, while a respondent paramour may be "legally responsible” for the neglect or abuse of a child, he is not vested thereby with any custodial rights akin to that of a natural parent, the respondent mother in this instance. This court in the case of Matter of Roland F. v Brezenoff (108 Misc 2d 133, 136 [Fam Ct, NY County 1981]) stated the following: "Mere designation of a petitioner in a negligent petition as a 'person legally responsible for a child’s care’ pursuant to subdivision (a) of section 1012 of the Family Court Act, which petition was subsequently withdrawn after voluntary placement of the child, does not per se create a legally protected interest in favor of petitioner as to custodial rights herein.” There, a paramour of the respondent mother sought to gain custody or legal guardianship of the child who had been placed with the Commissioner by the mother. His application was denied.
Therefore, to grant this paramour a hearing on the return of the child to the home of himself and the respondent mother, notwithstanding her assent to the Commissioner’s custody of the child to reside with the paternal grandmother, would confer upon him custodial rights equal to that of the natural mother where in fact no legal relationship exists between them.
Moreover, it would be in derogation of the natural father’s custodial rights, an intervenor herein, and other blood relatives of the child. Additionally, since the respondent mother has acquiesced in the Commissioner’s custody of the child for this period of time and does not seek to terminate said custody, an inquiry would have to be made as to the mother’s fitness to care for the child, she being the lawful custodian in the household.
Any other result would be contrary to the statutory intent since the more appropriate statutory interpretation of this section would be not to accord a hearing on the return of the children to a person designated as "legally responsible” after the lawful custodian’s waiver of said application.
Accordingly, this motion is denied.