■ In the Matter of COMMISSIONER OF SOCIAL SERVICES, on Behalf of FORREST G., JR., and Others, Children Alleged to be Abused, Respondent. RENA G. et al., Appellants.—Order, Family Court, Bronx County (Marjory D. Fields, J.), entered September 12, 1989, which found that appellants had abused Forrest G., Jr., and derivatively abused Aaron G. and Justin G., and order of the same court, entered March 7, 1990, which placed Forrest G., Jr. in the custody of the Commissioner of Social Services, and placed Aaron G. and Justin G. in the custody of appellants under the supervision of the Commissioner for 12 months, unanimously affirmed, without costs.

The expiration of Forrest G., Jr.'s placement and his return to his father's custody render moot appellants' claim that the child should have been placed with a relative *(Matter of Laura W.,* 160 AD2d 585, 586, *lv denied* 76 NY2d 706), and appellants' remaining contentions are without merit. The court did not abuse its discretion in refusing to dismiss the matter on the date marked "final" for the fact-finding hearing, when the caseworker was ill and did not appear, since interests of the

children would not have been served by imposing the harsh remedy of dismissal, and one additional adjournment was appropriate (see, Matter of Shevon C., 163 AD2d 14). Nor was there error by reason of the hearing not being conducted within three days of the petition. Family Court Act § 1028 imposes such a requirement only where the child has been removed from the home pending final disposition, and the parent then requests that the child be returned, and no such application was made here. There was no basis for the court to order psychiatric evaluation of either Forrest G., Jr., or appellants, and, in placing the reasons for its finding on the record, as required by Family Court Act § 1051 (a), the court did not abuse its discretion by mentioning certain aspects of Forrest G., Jr.'s testimony that had been taken in camera. Finally, there is no basis for appellants' claim that the court displayed bias or "vindictiveness" toward appellant Rena G. or her counsel during the proceedings. Concur—Murphy, P. J., Wallach, Kupferman, Asch and Smith, JJ.