Matter of T.L., Jr. (2006 NY Slip Op 26415)

Matter of T.L., Jr.

2006 NY Slip Op 26415 [13 Misc 3d 1179]

October 5, 2006

Richroath, J.

Family Court, Queens County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, January 3, 2007

[*1]
In the Matter of T.L., Jr., a Child Alleged to be Neglected. T.L., Sr., Respondent.
Family Court, Queens County, October 5, 2006

APPEARANCES OF COUNSEL

Margaret Hunt, Jamaica, for Administration for Children's Services, petitioner. James Kenniff, Bayside, for respondent. Legal Aid Society, Jamaica (B. Maria Baldridge of counsel), Law Guardian.

OPINION OF THE COURT

Marybeth S. Richroath, J.
On September 27, 2006, the Administration for Children's Services (ACS) filed a petition against respondent father alleging that he neglected the subject child by repeated misuse of alcohol to the extent that he lost self-control of his actions. A hearing pursuant to Family Court Act § 1027 was held, at which the agency and the law guardian participated. The child was released to the nonrespondent mother with ACS supervision and a temporary order of protection was issued excluding respondent from the home and providing that he was to have no contact with the subject child except agency supervised visitation.
On October 5, 2006, respondent appeared and was assigned counsel. After issue was joined, respondent made an application for a hearing under Family Court Act § 1028, citing that section as well as Matter of Commissioner of Social Servs. (Alexandria H.) (159 Misc 2d 345 [Kings County 1993]). The court denied respondent's application under Family Court Act § 1028.
Instead, the court converted respondent's application into one under Family Court Act § 1061, seeking that the temporary order of protection be modified or vacated so that respondent could be reunited at the home with his child. The court granted a hearing under section 1061. Noting that hearings under this section do not have statutory priority as do those under section 1028, the court offered respondent an October 16, 2006 date and time certain for a hearing. Respondent's counsel also noted that a hearing pursuant to Family Court Act § 1061 does not have statutory priority over his other, previously scheduled cases for that date, and he noted that he could not be present on October 16th at the time required. Thereafter, the court offered a number of dates for which it [*2]had time available to conduct the hearing; eventually January 26, 2007 was agreed upon by all counsel, the law guardian and the court.
There is a paucity of case law on this subject, which is a recurrent theme in day-to-day Family Court practice. All counsel and the court agreed that the only reported case they were aware of on the subject was that cited by respondent in his application. Alexandria H. involved a respondent who shared joint custody of the child and whose right to that share of custody was impaired by an order of protection issued in the context of a neglect proceeding. In that case, the court ordered a hearing under Family Court Act § 1028 to address respondent's objection. Here, respondent was living with the nonrespondent mother and the subject child prior to respondent's exclusion from the home. This court respectfully disagrees with its distinguished colleague, and issues this decision denying respondent's application under Family Court Act § 1028, but granting a hearing under Family Court Act § 1061 for the reasons outlined herein.
Family Court Act § 1028 (b) provides:
"In determining whether temporary removal of the child is necessary to avoid imminent risk to the child's life or health, the court shall consider and determine in its order whether continuation in the child's home would be contrary to the best interests of the child and where appropriate, whether reasonable efforts were made prior to the date of the hearing to prevent or eliminate the need for removal of the child from the home. . . ."
Family Court Act § 1028 (e) provides: "The court may issue a temporary order of protection pursuant to [Family Court Act § 1029] as an alternative to . . . any other order or disposition authorized under this section." Family Court Act § 1028 (f) provides: "The court shall also consider and determine whether imminent risk to the child would be eliminated by the issuance of a temporary order of protection . . . directing removal of a person or persons from the child's residence."
In each of these subdivisions, it is noteworthy that the home referred to is the child's home. While a parent has the right to an expedited hearing, the decision that the Family Court must make is whether the child is at imminent risk if he remains in the home with the parent(s). Likewise, the exigency which gives rise to the hearing under Family Court Act § 1028 is that the child has been removed from his home. The Family Court is directed to evaluate reasonable efforts by the agency to keep the child safely in his home, and is directed by the Legislature to consider whether removing the alleged perpetrator from the home through a temporary order of protection excluding him would keep the child safe and thus eliminate the need for the state to take action with respect to the child, removing the child from his home. This directive is not permissive; the "shall . . . consider" in Family Court Act § 1028 (f) is mandatory and completely consistent with a child-centered approach. If the child can safely remain in his home by removing the alleged perpetrator therefrom, a court is directed to do so.
Moreover, Family Court Act § 1028 (e) sets out that the issuance of such a temporary order of protection can be an alternative to removal. In this case, that is exactly what happened. The child was not removed. Instead, respondent was removed from the home through the issuance of the temporary order of protection excluding him. Thus, in this court's opinion, the hearing provisions of Family Court Act § 1028, which are limited to when the child is removed from the home, are no longer implicated. An alternative resolution, much more beneficial to the child and fully contemplated by the statutory scheme of Family Court Act § 1028, has been achieved. Since the child has not been removed from his home, the exigency provided for by Family Court Act § 1028 no longer exists.
None of this is to say that respondent is not entitled to contest the court's issuance of the [*3]temporary order of protection excluding him. Of course, as due process mandates, he has the right to a prompt hearing to vacate or modify that order, as provided for in Family Court Act § 1061. However, while Family Court Act § 1028 (a) provides: "Except for good cause shown, such hearing shall be held within three court days of the application and shall not be adjourned," there is no mandate for all other matters to be set aside to address an application under Family Court Act § 1061.
Under the facts of this case, providing a time certain hearing within six court days of the section 1061 application provided respondent with full due process and the opportunity for a prompt hearing. It is unfortunate, but a fact of life in day-to-day Family Court practice, that due to the unavailability of various necessary parties, including respondent himself, for proposed dates, the hearing will not take place until January 26, 2007. Such a delay is not inordinate and does not, of itself, deny respondent due process.
Family Court addresses some of the most emotional issues individuals and families face. Each and every case is a priority to the family involved. Under these circumstances, statutory mandates such as Family Court Act §§ 1028, 325.1, or 340.1 must be strictly construed. It would be nice if every respondent's case could be adjudicated within three court days. It is, however, impossible. With the current crush of child protective filings, it is not unusual for a respondent to have a fact-finding date set six months from his initial appearance. If the court must hear a section 1028 application on the date that fact-finding was scheduled, the fact-finding will be adjourned, probably to a date four to six months thereafter. While section 1028 applications to address a child who has been removed from his home must and do receive the statutorily imposed priority, stretching the concept of section 1028 to encompass applications which are properly heard under section 1061 is unfair to the individuals whose cases must be adjourned to accommodate that priority.
It is also noteworthy that temporary orders excluding a respondent from his home are routinely available to petitioners in family offense proceedings under article 8 of the Family Court Act. While courts hearing those cases certainly attempt to schedule cases involving such allegations and remedy as promptly as possible, there is no statutory priority given to exclusionary orders of protection under article 8. Neither will the court impose one in a case brought under article 10.
Application for a hearing under Family Court Act § 1028 denied. Hearing under Family Court Act § 1061 granted.