■ In the Matter of DAVID EDWARD D. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; MICHELLE D. et al., Respondents. [828 NYS2d 438]—

In related child neglect proceedings pursuant to Family Court Act article 10, the petitioner appeals, as limited by its brief, from so much of an order of the Family Court, Suffolk County (Budd, J.), dated July 11, 2006, as, after a hearing, denied its application for continued removal of the subject child and returned custody of the child to the father.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In determining a removal application pursuant to Family Court Act § 1027, the court must "engage in a balancing test of the imminent risk [to the child's life or health] with the best interests of the child and, where appropriate, the reasonable efforts made to avoid removal or continuing removal" (Nicholson v Scoppetta, 3 NY3d 357, 380 [2004]). Accordingly, the court must "balance [the] risk against the harm removal might bring" (Nicholson v Scoppetta, supra at 378). Since the Family Court had the advantage of viewing the witnesses and assessing their character and credibility, its determination should not be

disturbed unless it lacks a sound and substantial basis in the record (*see Matter of Jennifer R.*, 29 AD3d 1003, 1004 [2006]; *Matter of John Robert P. v Vito C.*, 23 AD3d 659, 661 [2005]).

Here, the petitioner failed to establish that the imminent risk to the child's life or health if he remained with the father outweighed any harm that the child's removal might bring. The Family Court, thus, properly determined that it was in the child's best interests to be returned to his father. The Family Court also properly determined that the imminent risk to the child from the mother could be eliminated by issuing an order of protection prohibiting her from unsupervised contact with the child (*see* Family Ct Act § 1027 [b] [iv]; § 1028 [e]; *Nicholson v Scoppetta, supra* at 378-379). Crane, J.P., Krausman, Goldstein and Spolzino, JJ., concur.