■ In the Matter of KASJA YY., a Child Alleged to be Neglected. SCHUYLER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KARIN B., Appellant. DANIEL J. FITZSIMMONS, as Law Guardian, Appellant. [— NYS2d —]—

Rose, J. Appeals (1) from an order of the Family Court of Schuyler County (Argetsinger, J.), entered March 10, 2008, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate Kasja YY. a neglected child, and (2) from an order of the said court, entered March 28, 2008, which, among other things, removed Kasja YY. from respondent's care.

Immediately after respondent gave birth to Kasja YY. in 2007, petitioner commenced a neglect proceeding alleging that respondent's mental illness endangered the child. After Family Court conducted two emergency removal hearings and made temporary provision for the child to continue in respondent's custody subject to supervision, respondent consented to a finding of neglect based upon the risk posed by her mental health diagnosis. Pursuant to the terms of an order of fact-finding and disposition entered March 10, 2008, and stipulated to by the parties and the Law Guardian, the child was allowed to continue to reside with respondent in the home of a family friend who was supervising respondent's care of the child pending placement with a maternal aunt in Tennessee pursuant to the Interstate Compact on the Placement of Children (hereinafter ICPC) (see Social Services Law § 374-a). The Law Guardian appeals, arguing that the ICPC is unconstitutional insofar as it requires approval of the placement by Tennessee authorities.

Soon thereafter, due to allegations of respondent's deteriorating condition and her failure to obtain needed psychological services, Family Court conducted a third emergency removal hearing and, by order entered March 28, 2008, removed the child from respondent's care pending the outcome of the ICPC review of the aunt's suitability to assume custody. Respondent appeals from that order.

During the pendency of these appeals, we have been advised that Tennessee approved the placement, Family Court ordered it and the child is now in the temporary custody of the aunt. In light of this latest order, respondent's appeal is moot (see Matter of Chelsea M., 61 AD3d 1030, 1032 [2009]; Matter of Cheyenne A., 56 AD3d 1008, 1009 [2008]; Matter of Senator NN., 305 AD2d 819, 820 [2003]). Further, we note that petitioner, respondent and the Law Guardian all agreed that placement with the maternal aunt in Tennessee was in the child's best interests. Finally, the Law Guardian's present constitutional arguments that the ICPC deprived the child of equal protection or infringed her right to travel are unpreserved for our review (see Matter of Michael Anthony F., 177 AD2d 1031, 1031 [1991]).

Cardona, P.J., Kane, McCarthy and Garry, JJ., concur. Ordered that the order entered March 10, 2008 is affirmed, without costs. Ordered that the appeal from the order entered March 28, 2008 is dismissed, as moot, without costs.