[924 NYS2d 403]

In the Matter of LUCINDA R. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; TABITHA L., Appellant. (Proceeding No. 1.)

In the Matter of LILLIAN R. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; TABITHA L., Appellant. (Proceeding No. 2.)

In the Matter of LANETTE RACHEL R. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; TABITHA L., Appellant. (Proceeding No. 3.)

Second Department, May 17, 2011

### APPEARANCES OF COUNSEL

*Steven P. Forbes*, Jamaica, for appellant.

*Michael A. Cardozo, Corporation Counsel*, New York City (*Leonard Koerner* and *Elizabeth S. Natrella* of counsel), for respondent.

*Steven Banks*, New York City (*Tamara A. Steckler* and *Louise Feld* of counsel), Attorney for the Children.

### OPINION OF THE COURT

BELEN, J.

The appellant, Tabitha L. (hereinafter the mother), is the

mother of the three children who are the subjects of these neglect proceedings. In the early morning hours of February 4, 2009, the children, then aged six years, four years, and nine months, respectively, were found by a police officer wandering the streets alone. The next day, February 5, the New York City Administration for Children's Services (hereinafter ACS) filed petitions in the Family Court, Queens County, alleging that the mother neglected her children as a result of this incident. The Family Court issued an order of protection prohibiting all contact between the mother and her children, with the exception of ACS-supervised visitation. The children were then paroled to the care of their nonrespondent father and his mother (the children's paternal grandmother), with whom the father lived. On June 2, 2009, the mother orally requested a hearing pursuant to Family Court Act § 1028[1] for the return of her children. Ultimately, the Family Court denied the mother's request for a Family Court Act § 1028 hearing on the ground that a hearing was not required because the children were paroled to the father's care. Instead, the Family Court granted an application of the attorney for the children for a hearing pursuant to Family Court Act § 1061 to modify the order of protection.[2] While a Family Court Act § 1028 hearing must be held within

---

1. In pertinent part, Family Court Act § 1028 provides:
 "(a) Upon the application of the parent or other person legally responsible for the care of a child temporarily removed under this part or upon the application of the [attorney for the child] for an order returning the child, the court shall hold a hearing to determine whether the child should be returned (i) unless there has been a hearing pursuant to [Family Court Act § 1027] on the removal of the child at which the parent or other person legally responsible for the child's care was present and had the opportunity to be represented by counsel, or (ii) upon good cause shown. *Except for good cause shown, such hearing shall be held within three court days of the application and shall not be adjourned.* Upon such hearing, the court shall grant the application, unless it finds that the return presents an imminent risk to the child's life or health. If a parent or other person legally responsible for the care of a child waives his or her right to a hearing under this section, the court shall advise such person at that time that, notwithstanding such waiver, an application under this section may be made at any time during the pendency of the proceedings" (emphasis added).
2. Family Court Act § 1061 provides:
 "For good cause shown and after due notice, the court on its own motion, on motion of the corporation counsel, county attorney or district attorney or on motion of the petitioner, or on motion of the child or on his behalf, or on motion of the parent or other person responsible for the child's care may stay execution, of ar-

three court days after the application, there is no requirement that a Family Court Act § 1061 hearing be held within any period of time. The Family Court Act § 1061 hearing was not held for nearly 1½ years, during which time the children remained in their father's care. The Family Court Act § 1061 hearing was eventually scheduled for the same day that oral argument on the instant appeal was scheduled before this Court. Several months later, while the determination of this appeal was pending, by order dated October 20, 2010, the Family Court returned the children to the mother.

The question presented on this appeal is whether a Family Court Act § 1028 hearing is triggered by the removal of a child from the home of one parent and temporary placement into the custody of another parent or relative, or whether such hearing is triggered only where a child is placed into government-administered foster care. Although the Family Court returned the children to the mother while the determination of this appeal was pending, we find that this case nevertheless presents a justiciable controversy, and we reverse the order denying the mother's application for a Family Court Act § 1028 hearing.

On February 5, 2009, after the subject children were found wandering the streets in the early morning hours of February 4, 2009, ACS filed petitions pursuant to Family Court Act § 1024 to remove the children from the mother's custody and place them in the custody of their father and paternal grandmother.[3] The petitions alleged that on February 4, 2009, at 3:30 A.M., ACS removed the children from the mother's custody on an emergency basis because the parents were unavailable, and that the circumstances of removal were such that a risk existed as to the children's life, health, or safety. Finally, ACS asserted that it had insufficient time to obtain a court order pursuant to Family Court Act § 1022, since the removal occurred outside of the court's business hours.

At a hearing held on February 5, 2009, and upon the request of ACS, the Family Court paroled the children to the nonrespondent father and paternal grandmother, who lived together. The Family Court also entered a temporary order of protection directing the mother to stay away from the children, except for

rest, set aside, modify or vacate any order issued in the course of a proceeding under this article."

**3.** Generally, Family Court Act § 1024 allows certain public authorities to take or keep a child in protective custody without a court order and without the consent of the parent or person legally responsible for the child in order to protect the child's life or health.

ACS-supervised visits. The Family Court explained to the father, who asked for custody of the children during this hearing, that the neglect proceedings would be conducted before any custody proceedings.

The Family Court then adjourned the matter for nearly four months, until June 2, 2009. On that date, the mother orally requested a hearing pursuant to Family Court Act § 1028 for the return of her children. The attorney for the children stated that the matter might be best addressed by a hearing under Family Court Act § 1061 to modify or vacate the order of protection, or under the father's pending custody petition. Counsel for ACS did not address the merits of the mother's request because she had not received notice of it. On June 8, 2009, the Family Court held a conference on the petitioner's request for a Family Court Act § 1028 hearing, at which time the mother's attorney indicated that the mother was "willing to reserve" her request. The parties then went on to address other visitation issues, and the matter was continued until July 2, 2009.

On July 2, 2009, the mother reported that her visits with the children were uneventful and that she accordingly wanted the children paroled back to her. However, since neither ACS nor the attorney for the children was prepared to consent to the mother's request, the mother orally resubmitted her request for a hearing pursuant to Family Court Act § 1028. The matter was then further adjourned until July 27, 2009.

On July 27, 2009, the Family Court issued an order denying the mother's request for a Family Court Act § 1028 hearing because it found that "when a child is moved from the [petitioner's] home to the non respondent father's home[,] that . . . is not a removal and it does not generate a basis for a 1028 hearing." The Family Court reasoned that "[Family Court Act §] 1028 hearings protect the primacy of parental right[s] as against the state, not as against the parent vs. parent." As an alternative to address the order of protection, the Family Court granted the application of the attorney for the children for a Family Court Act § 1061 hearing. The Family Court scheduled that hearing for September 1, 2009, although the hearing was ultimately adjourned until June 28, 2010.

Family Court Act § 1028 (a) provides that

> "[u]pon the application of the parent or other person legally responsible for the care of a child temporarily removed under this part or upon the

application of the [law guardian] for an order returning the child, the court shall hold a hearing to determine whether the child should be returned," with two exceptions not relevant here.

The statute further provides that "[e]xcept for good cause shown, such hearing shall be held within three court days of the application and shall not be adjourned" (*id.*).

Family Court Act § 1061 provides that upon a motion by a party or the court, any order issued in the course of a proceeding under article 10 may be set aside, modified, or vacated. In contrast to Family Court Act § 1028, there is no requirement that a Family Court Act § 1061 hearing be held within any specific period of time. The benefit to the mother being granted a Family Court Act § 1028 hearing is that such hearing would be convened much sooner than a hearing under Family Court Act § 1061. Indeed here, the Family Court Act § 1061 hearing was ultimately adjourned to June 28, 2010, more than a year after the mother's original request for a hearing. On the mother's appeal from the denial of her request for a Family Court Act § 1028 hearing, we reverse.

 While the determination of this appeal was pending, this Court learned that, in an order dated October 20, 2010, the Family Court directed the return of the children to the mother. Accordingly, the mother's appeal challenging the denial of her application for a Family Court Act § 1028 hearing is moot, since she has now received the relief that she would have received had the Family Court Act § 1028 hearing been conducted. We note, however, that the mother did not obtain such relief until more than 16 months after she first requested a Family Court Act § 1028 hearing, far longer than the three court days within which Family Court Act § 1028 hearings are mandated to occur. Under the circumstances, we find that the issue raised on this appeal involves an exception to the mootness doctrine.

"It is a fundamental principle of our jurisprudence that the power of a court to declare the law only arises out of, and is limited to, determining the rights of persons which are actually controverted in a particular case pending before the tribunal" (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 713 [1980]). Under the mootness doctrine, a court is ordinarily precluded from considering questions

"which, although once live, have become moot by passage of time or change in circumstances. In gen-

eral an appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment" (*id.* at 714; *see Saratoga County Chamber of Commerce v Pataki*, 100 NY2d 801, 810-811 [2003], *cert denied* 540 US 1017 [2003]).

Generally, a case that is moot is unreviewable unless it fits within the exception, for which three elements must be shown: "(1) a likelihood of repetition, either between the parties or among other members of the public; (2) a phenomenon typically evading review; and (3) a showing of significant or important questions not previously passed on, i.e., substantial and novel issues" (*Matter of Hearst Corp. v Clyne*, 50 NY2d at 714-715; *see City of New York v Maul*, 14 NY3d 499, 507 [2010]; *Saratoga County Chamber of Commerce v Pataki*, 100 NY2d at 810-811).

Family Court Act § 1028 mandates an immediate hearing and a determination on placement within three court days. Where, as here, a parent is denied his or her request for a hearing pursuant to Family Court Act § 1028, appellate review of such a denial cannot be completed before three court days have elapsed. As such, this issue is capable of repetition and likely to evade review (*see City of New York v Maul*, 14 NY3d at 507; *Mental Hygiene Legal Servs. v Ford*, 92 NY2d 500, 505-506 [1998]; *Matter of William C.*, 64 AD3d 277, 282 [2009]). Moreover, there is a high likelihood that the issue presented on this appeal is capable of repetition. Indeed, the issue of whether a Family Court Act § 1028 hearing is necessary where children are paroled to relatives has arisen numerous times at the trial level, resulting in a split of authority as to its resolution. In *Matter of Commissioner of Social Servs. (Alexandria H.)* (159 Misc 2d 345 [1993]), the Family Court, Kings County, held that the respondent father's "right to a [Family Court Act §] 1028 hearing was triggered once the neglect petition was filed and the court entered an order for supervised visitation and an order releasing the [subject] child to the temporary, *sole* custody of the mother" (*id.* at 349). In *Matter of T.L., Jr.* (13 Misc 3d 1179 [2006]), the father petitioned the Family Court, Queens County, for a Family Court Act § 1028 hearing after a temporary order of protection was issued against him to exclude him from the home in which he, his wife, and their child lived. The Family Court held that a Family Court Act § 1028 hearing applies to situations when the child is removed from his or her home. Since the father was being excluded from the home, a Family Court Act § 1028 hearing

was inapplicable (*id*. at 1182). Finally, in *Matter of Christine G.* (19 Misc 3d 1116[A], 2007 NY Slip Op 52549[U], *8 [2007]), the Family Court, Kings County, granted the mother's petition for a Family Court Act § 1028 hearing where the child was paroled to the nonrespondent father, even though the court also observed, "if this were a child protective proceeding, involving a removal and a placement with a foster parent or a kinship resource, the Court would be required to immediately return the child to the mother's care (FCA § 1028 [a])." The Family Court did not cite any case law in support of this proposition.

Moreover, the mother's argument raises a substantial and novel issue of statewide importance involving the rights of parents whose children have been removed from their care by the State (*see City of New York v Maul*, 14 NY3d at 507; *Matter of M.B.*, 6 NY3d 437, 447 [2006]; *Mental Hygiene Legal Servs. v Ford*, 92 NY2d at 505-506; *Matter of Savastano v Prevost*, 66 NY2d 47, 48 n [1985]; *Matter of William C.*, 64 AD3d at 282-283; *Jamie B. v Hernandez*, 274 AD2d 335 [2000]).

■ Turning now to the merits, we conclude that the Family Court erred in denying the mother's application for a hearing under Family Court Act § 1028. In relevant part, that section provides:

> "(a) Upon the application of the parent or other person legally responsible for the care of a child temporarily removed under this part or upon the application of the [attorney for the child] for an order returning the child, the court shall hold a hearing to determine whether the child should be returned (i) unless there has been a hearing pursuant to [Family Court Act § 1027] on the removal of the child at which the parent or other person legally responsible for the child's care was present and had the opportunity to be represented by counsel, or (ii) upon good cause shown. *Except for good cause shown, such hearing shall be held within three court days of the application and shall not be adjourned*" (emphasis added).

The disposition of the mother's application here turned on the meaning of the word "removal," as used in the statute. The Family Court found that there was no removal within the meaning of Family Court Act § 1028 because "when a child is moved from the [petitioner's] home to the non respondent father's home[,] that . . . is not a removal and it does not generate a

basis for a 1028 hearing." The Family Court reasoned that "1028 hearings protect the primacy of parental right[s] as against the state, not as against the parent vs. parent." We disagree.

In assessing the Family Court's interpretation of the statute, we begin with the language of the statute itself, "as the statutory text is the clearest indicator of legislative intent" (*Maraia v Orange Regional Med. Ctr.*, 63 AD3d 1113, 1116 [2009] [internal quotation marks omitted]; *see Roberts v Tishman Speyer Props., L.P.*, 13 NY3d 270, 286 [2009]). "If the terms of the statute are clear and unambiguous, ' "the court should construe it so as to give effect to the plain meaning of the words used" ' " (*Maraia v Orange Regional Med. Ctr.*, 63 AD3d at 1116, quoting *Matter of Auerbach v Board of Educ. of City School Dist. of City of N.Y.*, 86 NY2d 198, 204 [1995], quoting *Patrolmen's Benevolent Assn. of City of N.Y. v City of New York*, 41 NY2d 205, 208 [1976]). On its face, Family Court Act § 1028 does not limit a hearing only to parents whose children have been placed in the custody of a governmental agency. Indeed, there is no qualification to its application whatsoever. It plainly and simply states that, upon the application of a parent of a child who has been temporarily removed, the court shall hold a hearing to determine whether the child should be returned, and this must be done within three court days without adjournment.

These rules of strict construction, however, cannot be applied without regard to the statute as a whole, as " 'its various sections must be considered together and with reference to each other' " (*East Acupuncture, P.C. v Allstate Ins. Co.*, 61 AD3d 202, 209 [2009], quoting *People v Mobil Oil Corp.*, 48 NY2d 192, 199 [1979]; *see Matter of ATM One v Landaverde*, 2 NY3d 472, 477 [2004]; *Matter of Sutka v Conners*, 73 NY2d 395, 403 [1989]). The purpose of article 10 of the Family Court Act is to "provide a due process of law for determining when the state, through its family court, may intervene against the wishes of a parent on behalf of a child so that [the child's] needs are properly met" (Family Ct Act § 1011 [emphasis added]). A survey of statutes within article 10 shows that the word "removal" or "removed" is used in the context of the State's effectuation of the child's removal from the home. For example, in Family Court Act § 1017, which concerns the placement of children, the word "removed" encompasses situations where the child is placed either with a parent or with the Commis-

sioner of Social Services. This broad meaning of "removal" or "removed" is also used in Family Court Act § 1024 (b) (iii), which grants authority to certain entities to remove children from their homes without a court order under certain circumstances. In sudivision (a), the statute provides that certain entities may "tak[e] or keep[ ] a child in protective custody," and the statute later sets forth in subdivision (b) (iii) that these entities must "give, coincident with removal, written notice to the parent or other person legally responsible for the child's care of the right to apply to the family court for the return of the child." Again, the concept of "removal" is not qualified by any limiting or specifying language; it occurs when a child is removed from his or her home by the State.

As we move through part 2 of article 10, the result is the same. The Legislature uses the word "remove" in a broad, unqualified sense. A recitation of each instance where the word is used is not needed. The title of part 2 itself—"Temporary Removal and Preliminary Orders"—indicates that part 2, as a whole, is concerned with the removal of a child from his or her home due to dangerous conditions. It logically follows that to escape such conditions, the child must necessarily be removed from that home immediately. This is exactly what Family Court Act § 1024 in particular, and the rest of part 2 of article 10 generally, contemplates.

We, therefore, hold that the Family Court's finding of a legal distinction between a child's removal from the home and placement in the custody of another parent, on one hand, and placement in the custody of a governmental agency, on the other hand, is illusory. In either case, it is the State acting within its parens patriae power effectuating that transfer and removal. Numerous Appellate Division decisions make it clear that part 2 of article 10, of which Family Court Act § 1028 is part, is concerned with the State's power to disrupt a parent's physical custody of a child (see e.g. Matter of Solomon W., 50 AD3d 912 [2008]; Matter of Robert H., 307 AD2d 293 [2003]; Matter of Caroline C., 206 AD2d 529 [1994]; Matter of Commissioner of Social Servs. [Rena G.], 180 AD2d 550 [1992]; Matter of Lashawn G., 161 AD2d 712 [1990]; Matter of Darnell D., 139 AD2d 610 [1988]; Matter of Bobby M., 103 AD2d 777 [1984]; Matter of Corey T., 81 AD2d 785 [1981]). "[E]very parent has a fundamental right to rear its [sic] child . . . [T]his right is not absolute inasmuch as the State, as parens patriae, may intervene to ensure that a child's health or welfare is not being seriously

jeopardized by a parent's fault or omission" (*Matter of Hofbauer*, 47 NY2d 648, 655 [1979]). Accordingly, we find that the applicability of a Family Court Act § 1028 hearing is not dependent on whether the child removed is placed with another parent or whether the child is placed in foster care. In sum, the trigger is that the State has acted to effectuate the removal of the child from the home and placed him or her in the custody of another.

For the foregoing reasons, the Family Court should have granted the mother's request for a hearing under Family Court Act § 1028 based upon the removal of the children from her home and their placement into the custody of the father.

Accordingly, the order is reversed insofar as appealed from, on the law, and the petitioner's application for a hearing pursuant to Family Court Act § 1028 is granted.

DILLON, J.P., DICKERSON and ENG, JJ., concur.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the petitioner's application for a hearing pursuant to Family Court Act § 1028 is granted.