Matter of Jorge T. (Christine S.) (2018 NY Slip Op 00296)





Matter of Jorge T. (Christine S.)


2018 NY Slip Op 00296


Decided on January 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
L. PRISCILLA HALL
SANDRA L. SGROI, JJ.


2016-09784
 (Docket No. N-06052-16)

[*1]In the Matter of Jorge T. (Anonymous), Jr. Administration for Children's Services, appellant; Christine S. (Anonymous), respondent.


Zachary W. Carter, Corporation Counsel, New York, NY (Devin Slack and John Moore of counsel), for appellant.
Gerard P. Nolan, Brooklyn, NY, for respondent.
Seymour W. James, Jr., New York, NY (Tamara A. Steckler and Judith Stern of counsel), attorney for the child.



DECISION & ORDER
Appeal from an amended order of the Family Court, Kings County (Ann E. O'Shea, J.), dated September 19, 2016. The amended order, after a hearing, denied the petitioner's application to exclude the mother from the subject child's home during the pendency of the proceeding or prohibit her from being alone with the child.
ORDERED that the amended order is affirmed, without costs or disbursements.
The petitioner commenced this child protective proceeding pursuant to Family Court Act article 10, alleging that the mother neglected the subject child by misusing drugs and failing to comply with treatment. The petitioner sought to exclude the mother from the child's home during the pendency of the proceeding, or, in the alternative, to prohibit the mother from being alone with the child. The Family Court, after a hearing, denied the petitioner's application and released the child to the care of the mother and the father, without the petitioner's supervision. The petitioner appeals.
An exclusionary order of protection is effectively a removal of the child from his or her parent and, therefore, is governed by the same legal standards as are provided in Family Court Act §§ 1027 and 1028 (see Matter of Lucinda R. [Tabitha L.], 85 AD3d 78; Matter of Commissioner of Social Servs. [Alexandria H.], 159 Misc 2d 345 [Fam Ct, Kings County]; Gottlieb v County of Orange, 84 F3d 511, 521 [2d Cir]). In determining whether removal of a parent from the child's home is necessary, the Family Court must determine whether allowing the parent to remain in the home during the pendency of the proceedings "presents an imminent risk to the child's life or health" (Family Ct Act § 1028[a]). In making its determination, the Family Court "must weigh, in the factual setting before it, whether the imminent risk to the child can be mitigated by reasonable efforts to avoid removal" (Nicholson v Scoppetta, 3 NY3d 357, 378). The court "must balance that risk against the harm removal might bring, and it must determine factually which course is in the child's best interests" (id. at 378). Since the Family Court had the advantage of viewing the witnesses and [*2]assessing their character and credibility, its determination should not be disturbed unless it lacks a sound and substantial basis in the record (see Matter of David Edward D., 35 AD3d 856; Matter of Jennifer R., 29 AD3d 1003, 1004; Matter of John Robert P. v Vito C., 23 AD3d 659, 661).
Here, there was a sound and substantial basis in the record for the Family Court's determination that there was insufficient evidence to establish that the child would be subjected to an imminent risk if the mother was permitted to remain in the child's home or that supervised visitation of the mother was necessary during the pendency of the proceeding (see Matter of Ryliegh B. [Madelan B.], 141 AD3d 579; Matter of David Edward D., 35 AD3d 856; Matter of Shevonne C., 292 AD2d 452).
MASTRO, J.P., LEVENTHAL, HALL and SGROI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court