Matter of Angel S. (Sadetiana J.) (2019 NY Slip Op 05135)





Matter of Angel S. (Sadetiana J.)


2019 NY Slip Op 05135


Decided on June 26, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-03231
 (Docket Nos. N-33325-17, V-33736-17)

[*1]In the Matter of Angel S. (Anonymous). Administration for Children's Services, petitioner-respondent; Sadetiana J. (Anonymous), appellant, et al., respondent.


Brooklyn Defender Services, Family Defense Practice, Brooklyn, NY (Lauren Shapiro, Amy Mulzer, NYU School of Law Family Defense Clinic [Christine Gottlieb], and Proskauer Rose LLP [William D. Dalsen and Laura Stafford], of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Claude S. Platton and MacKenzie Fillow of counsel), for petitioner-respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Claire V. Merkine of counsel), attorney for the child.
Mayer Brown LLP, New York, NY (Allison Stillman and Josh Gupta-Kagan of counsel), for amici curiae Lawyers For Children, Inc., and National Association of Counsel for Children.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of the Family Court, Kings County (Elizabeth Barnett, J.), dated March 16, 2018. The order denied that branch of the mother's motion which was for the temporary release of the subject child to her care.
ORDERED that the appeal is dismissed as academic, without costs or disbursements.
The Administration for Children's Services commenced this neglect proceeding against the mother and the father of the subject child. The Family Court later dismissed the petition insofar as asserted against the mother. The mother moved, inter alia, for the temporary release of the subject child to her care (see Family Ct Act § 1017[2][a][ii]). The court denied that branch of the mother's motion. The court determined, over the mother's objection, that it was necessary to comply with the procedures set forth in the Interstate Compact for Placement of Children (hereinafter the ICPC), codified at Social Services Law § 374-a, before the court could award the mother temporary custody of the child. The mother appeals. Approximately two months after the court issued the order appealed from, "[b]ased upon [a] home study and approval of the ICPC by the State of North Carolina," the court released the child to the mother's care, "with supervision by the local North Carolina Department of Social Services." Supervision of the child by North Carolina ended on April 10, 2019.
"It is a fundamental principle of our jurisprudence that the power of a court to declare the law only arises out of, and is limited to, determining the rights of persons which are actually controverted in a particular case pending before the tribunal" (Matter of Lucinda R. [Tabitha L.], 85 AD3d 78, 83 [internal quotation marks omitted]). "Under the mootness doctrine, a court is ordinarily precluded from considering questions which, although once live, have become moot by passage of time or change in circumstances" (id. at 83 [internal quotation marks omitted]). "In general, an appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment" (id. at 83-84 [internal quotation marks omitted]; see Matter of Kasja YY., 64 AD3d 907, 908-909).
Here, the mother's appeal is academic, as the ICPC evaluation process has been completed and the mother has received her requested relief of having the child released to her care (see Matter of Lucinda R. [Tabitha L.], 85 AD3d at 83-84; Matter of Kasja YY., 64 AD3d at 908). Thus, the mother's rights would not "be directly affected by the determination of the appeal" from the order denying that branch of her motion which was for the temporary release of the child to her (Matter of Lucinda R. [Tabitha L.], 85 AD3d at 84). The exception to the mootness doctrine does not apply in this case (cf. Matter of Elizabeth C. [Omar C.], 156 AD3d 193, 201-202; Matter of Lucinda R. [Tabitha L.], 85 AD3d at 84-85). Accordingly, we dismiss the appeal as academic.
RIVERA, J.P., HINDS-RADIX, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court