Matter of Kavon A. (Kavon A.--Monetta A.) (2021 NY Slip Op 01972)





Matter of Kavon A. (Kavon A.--Monetta A.)


2021 NY Slip Op 01972


Decided on March 31, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 31, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2020-06016
 (Docket Nos. NN-2971/2020, NN-2972/2020, NN-2973/2020, NN-2974/2020, NN-2975/2020, NN-03764/2018/2020C, NN-03765/2018/2020C, NN-03766/2018/2020C)

[*1]In the Matter of Kavon A. (Anonymous), Jr. Westchester County Department of Social Services, petitioner-respondent; Kavon A. (Anonymous), et al., respondents; Monetta A. (Anonymous), nonparty-appellant. (Proceeding No. 1.)
In the Matter of Zyaira A. (Anonymous). Westchester County Department of Social Services, petitioner-respondent; Kavon A. (Anonymous), et al., respondents; Monetta A. (Anonymous), nonparty-appellant. (Proceeding No. 2.)
In the Matter of Ariel A. (Anonymous). Westchester County Department of Social Services, petitioner-respondent; Kavon A. (Anonymous), et al., respondents; Monetta A. (Anonymous), nonparty-appellant. (Proceeding No. 3.)
In the Matter of Liandra A. (Anonymous). Westchester County Department of Social Services, petitioner-respondent; Kavon A. (Anonymous), et al., respondents; Monetta A. (Anonymous), nonparty-appellant. (Proceeding No. 4.)


Blank Rome LLP, New York, NY (Brett S. Ward and Ernestine J. Mings of counsel), for nonparty-appellant.
John M. Nonna, County Attorney, White Plains, NY (David H. Chen of counsel), for petitioner-respondent.
Theresa M. Daniele, White Plains, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the nonparty paternal grandmother appeals from an order of the Family Court, Westchester County (Arlene A. Gordon-Oliver, J.), dated July 29, 2020. The order denied the nonparty paternal grandmother's application for a hearing pursuant to Family Court Act § 1028 to determine whether the subject children should be returned to her care.
ORDERED that the order is reversed, on the law, without costs or disbursements, the nonparty paternal grandmother's application for a hearing pursuant to Family Court Act § 1028 is granted, and the matter is remitted to the Family Court, Westchester County, for a hearing pursuant to Family Court Act § 1028.
In January 2019, the subject children were found to be neglected by the mother. The mother was placed under the supervision of the petitioner, Westchester County Department of Social Services (hereinafter DSS), for a period of one year. In December 2019, DSS filed a petition to extend the order of supervision. In May 2020, while the petition was pending, two of the children, then 10-year-old Zyaira A. and 5-year-old Ariel A., left their parents' home without anyone's knowledge and traveled by taxicab to their paternal grandparents' home. Upon Zyaira A. and Ariel A. being found at the paternal grandparents' home, DSS removed them and the remaining two children, then 2-year-old Liandra A. and 6-month-old Kavon A., Jr., from the parents' care and placed them with the nonparty paternal grandmother, Monetta A. (hereinafter the paternal grandmother), and the paternal grandfather. When the paternal grandparents failed to pass a clearance check, DSS removed the children from the paternal grandparents' home and placed them in a nonkinship foster home.
On July 24, 2020, the paternal grandmother made an application for a hearing pursuant to Family Court Act § 1028 to determine whether the children should be returned to her care. In an order dated July 29, 2020, the Family Court denied the application, determining that the paternal grandmother did not have standing. The paternal grandmother appeals.
Family Court Act § 1028(a) provides that "[u]pon the application of the parent or other person legally responsible for the care of a child temporarily removed under this part . . . the court shall hold a hearing to determine whether the child should be returned," with two exceptions not relevant here (see Matter of Elizabeth C. [Omar C.], 156 AD3d 193, 202; Matter of Lucinda R. [Tabitha L.], 85 AD3d 78, 82-83). The statute further provides that, "[e]xcept for good cause shown, such hearing shall be held within three court days of the application and shall not be adjourned" (Family Ct Act § 1028[a]; see Matter of Elizabeth C. [Omar C.], 156 AD3d at 202; Matter of Lucinda R. [Tabitha L.], 85 AD3d at 83).
The phrase "person legally responsible includes the child's custodian, guardian, [or] any other person responsible for the child's care at the relevant time" (Family Ct Act § 1012[g]). The Court of Appeals, in interpreting Family Court Act § 1012(g), has held that "the common thread running through the various categories of persons legally responsible for a child's care is that these persons serve as the functional equivalent of parents" (Matter of Yolanda D., 88 NY2d 790, 795; see Matter of Trenasia J. [Frank J.], 25 NY3d 1001, 1004). A person may act as the functional equivalent of a parent even though that person assumes temporary care or custody of a child, so long as the care given "[is] analogous to parenting and occur[s] in a household or 'family' setting" (Matter of Yolanda D., 88 NY2d at 796). Factors to be considered in determining whether an applicant is a person legally responsible for the care of a child include "(1) the frequency and nature of the contact, (2) the nature and extent of the control exercised by the respondent over the child's environment, (3) the duration of the respondent's contact with the child, and (4) the respondent's relationship to the child's parent(s)" (Matter of Trenasia J. [Frank J.], 25 NY3d at 1004 [internal quotation marks omitted]; see Matter of Yolanda D., 88 NY2d at 796).
Here, the evidence submitted in support of the paternal grandmother's application is sufficient to support a determination that she is a person legally responsible for the care of the children. The evidence demonstrated that the children lived with the paternal grandmother for months at a time, during which time she purchased food and clothes for the children, did their laundry, fed them, brought them to and from school, church, and extracurricular activities, acted as the contact person for the school in case the children were ill or injured, and attended medical appointments with them. These actions, parental in nature and over an extended period of time, support a determination that the paternal grandmother was the functional equivalent of a parent to the children (see Matter of Trenasia J., 25 NY3d at 1006; Matter of Mackenzie P.G. [Anonymous], 148 AD3d 1015, 1017; Matter of Kevin N., 113 AD3d 524, 524). Thus, the paternal grandmother [*2]was entitled to a hearing pursuant to Family Court Act § 1028, and the Family Court's denial of her application deprived the paternal grandmother of her due process rights (see Matter of Elizabeth C. [Omar C.], 156 AD3d at 209-210).
The parties' remaining contentions are without merit, not properly before this Court as they are based on matter dehors the record, or have been rendered academic in light of our determination.
CHAMBERS, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court