Matter of Samson R. (Christopher R.) (2024 NY Slip Op 02710)

Matter of Samson R. (Christopher R.)

2024 NY Slip Op 02710

Decided on May 15, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2023-02298
 (Docket No. N-17865-15)

[*1]In the Matter of Samson R. (Anonymous). Suffolk County Department of Social Services, petitioner-respondent; Christopher R. (Anonymous), respondent-respondent; Laurie H. (Anonymous), et al., nonparty-appellants.

The Virdone Law Firm, P.C., Westbury, NY (Dennis G. Corr of counsel), for nonparty-appellants.
Christopher J. Clayton, County Attorney, Central Islip, NY (Danielle Razzouk of counsel), for petitioner-respondent.
Darla A. Filiberto, Islandia, NY, for respondent-respondent.
Lynn Poster-Zimmerman, Huntington, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, nonparties Laurie H. and Steven J. appeal from an order of the Family Court, Suffolk County (Victoria Gumbs-Moore, J.), dated February 17, 2023. The order granted the petitioner's motion to dismiss the application of nonparties Laurie H. and Steven J., inter alia, for a hearing pursuant to Family Court Act § 1028 to determine whether the subject child should be returned to their care.
ORDERED that the order is reversed, on the law, without costs or disbursements, the petitioner's motion to dismiss the application of nonparties Laurie H. and Steven J., inter alia, for a hearing pursuant to Family Court Act § 1028 to determine whether the subject child should be returned to their care is denied, and the matter is remitted to the Family Court, Suffolk County, for further proceedings consistent herewith.
In November 2015, the subject child was found to be neglected by his parents and placed in the custody of his maternal aunt, nonparty Laurie H. In November 2017, the child was returned to the father's custody under the supervision of the Suffolk County Department of Social Services (hereinafter DSS). In July 2018, the child was again placed in the custody of Laurie H. Thereafter, in May 2021, the child was placed in DSS's legal custody while he remained placed in the care of his foster care parents, Laurie H. and her paramour, nonparty Steven J. (hereinafter together the foster parents). In February 2023, DSS removed the child from the care of the foster parents and sought to place him in a qualified residential treatment program.
On February 7, 2023, the foster parents filed an application, inter alia, for a hearing pursuant to Family Court Act § 1028 to determine whether the child should be returned to their care. [*2]DSS moved to dismiss the foster parents' application. In an order dated February 17, 2023, the Family Court granted DSS's motion to dismiss the application on the ground that the foster parents lacked standing to seek a hearing pursuant to Family Court Act § 1028. The foster parents appeal.
Family Court Act § 1028(a) provides that "[u]pon the application of the parent or other person legally responsible for the care of a child temporarily removed under this part . . . , the court shall hold a hearing to determine whether the child should be returned," with two exceptions not relevant here (see Matter of Elizabeth C. [Omar C.], 156 AD3d 193, 202). Family Court Act § 1028(a) further provides that "[e]xcept for good cause shown, such hearing shall be held within three court days of the application and shall not be adjourned" (see Matter of Elizabeth C. [Omar C.], 156 AD3d at 202).
The phrase "person legally responsible" "includes the child's custodian, guardian, [or] any other person responsible for the child's care at the relevant time" (Family Ct Act § 1012[g]). "The Court of Appeals, in interpreting Family Court Act § 1012(g), has held that 'the common thread running through the various categories of persons legally responsible for a child's care is that these persons serve as the functional equivalent of parents'" (Matter of Kavon A., Jr. [Kavon A.], 192 AD3d 1096, 1098, quoting Matter of Yolanda D., 88 NY2d 790, 795). Further, "a person may act as the functional equivalent of a parent even though that person assumes temporary care or custody of a child," as long as "the care given the child [is] analogous to parenting and occur[s] in a household or 'family' setting" (Matter of Yolanda D., 88 NY2d at 796). "Factors to be considered in determining whether an applicant is a person legally responsible for the care of a child include '(1) the frequency and nature of the contact, (2) the nature and extent of the control exercised by the [applicant] over the child's environment, (3) the duration of the [applicant's] contact with the child, and (4) the [applicant's] relationship to the child's parent(s)'" (Matter of Kavon A., Jr. [Kavon A.], 192 AD3d at 1098, quoting Matter of Trenasia J. [Frank J.], 25 NY3d 1001, 1004).
Here, the evidence in the record was sufficient to support a determination that the foster parents were persons legally responsible for the care of the child. The evidence demonstrated that the child, eight years old at the time of the foster parents' application, had been under the foster parents' care for most of his life. As the foster parents acted as the functional equivalent of the child's parents for an extended period of time, they qualified as persons legally responsible for the care of the child (see Matter of Kavon A., Jr. [Kavon A.], 192 AD3d at 1098-1099). Thus, the foster parents were entitled to a hearing pursuant to Family Court Act § 1028.
The parties' remaining contentions are either without merit or not properly before this Court as they are based on matter dehors the record.
BARROS, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court